**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LUCAS WALL**

        **Plaintiff,**

v.                                                                              Case No: 6:21-cv-975-PGB-DCI

**CENTERS FOR DISEASE CONTROL & PREVENTION, et. al**

        **Defendants.**
_____/

**ORDER**

    Plaintiff moves pro se for the Court to issue an *ex parte* temporary restraining order ("**TRO**") enjoining Defendants Centers for Disease Control and Prevention, Department of Health and Human Services, Transportation Security Administration ("**TSA**"), Department of Homeland Security, Department of Transportation, and Joseph R. Biden, Jr., in his official capacity as President of the United States of America (hereinafter, the "**Federal Defendants**"), from enforcing the Federal Transportation Mask Mandate ("**FTMM**"). (Doc. 8 (the "**Motion**")). Upon consideration and review, Plaintiffs' request will be denied.

**I.     BACKGROUND**

    The FTMM requires those using public conveyances to wear a mask to prevent the transmission of COVID-19. *See* CTR. FOR DISEASE CONTROL & PREVENTION, ORDER UNDER SECTION 361 OF THE PUBLIC HEALTH SERVICE ACT:

REQUIREMENT FOR PERSONS TO WEAR MASKS WHILE ON CONVEYANCES AND AT TRANSPORTATION HUBS (2021).[1] On June 2, 2021, Defendant TSA and Southwest Airlines denied Plaintiff access to his flight for his refusal to comply with the FTMM and wear a mask on the plane. (*Id.* at p. 3).

On June 7, 2021, Plaintiff filed a 206-page complaint containing 23 different counts. (Doc. 1). Among other things, Plaintiff seeks to permanently enjoin enforcement of the FTMM by the Federal Defendants.[2] (*Id.*). Plaintiff contends that enforcement of the FTMM is an "improper, illegal, and unconstitutional exercise[] of executive authority." (*Id.* at p. 2).

Plaintiff now moves for a TRO enjoining "the Federal Defendants' enforcement nationwide of the FTMM; or, in the alternative, their enforcement of the FTMM in this judicial district; or in the alternative, their enforcement of the FTMM specifically against me." (Doc. 8, p. 5). Plaintiff states that he has scheduled multiple upcoming flights to visit "friends and family as well as visit several National Parks" and that his next flight is a June 16, 2021 trip to Salt Lake City, Utah. (*Id.* at p. 3, ¶¶ 2, 8–9). Plaintiff argues that he will suffer irreparable harm if the Motion is not granted because he will not be able to go to Utah. (*Id.* at p. 23).

---

[1]  *See* https://www.cdc.gov/quarantine/pdf/Mask-Order-CDC_GMTF_01-29-21-p.pdf.

[2]  Plaintiff also seeks to permanently enjoin enforcement of the International Traveler Testing Requirement ("**ITTR**"). (Doc. 1). The ITTR requires international travelers entering the U.S to test negative for COVID-19 no more than three days before departure and to display their negative results. The instant Motion does not request a TRO enjoining the Federal Defendants from enforcing the ITTR.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that a district court may issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

To obtain a temporary restraining order, a party must prove "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citation omitted). A temporary restraining order "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)).

## III.  DISCUSSION

As argued, the Motion fails to demonstrate that Plaintiff will suffer irreparable injury if relief is not granted.

First, Plaintiff argues that he will suffer irreparable injury if the Court does not issue a TRO because he will be "denied the use of services that he has paid for." (*Id.* at p. 23). However, Defendant TSA and Southwest Airlines gave Plaintiff clear notice that he will not be allowed to fly without a mask, and Plaintiff has made no attempt to avoid financial harm by requesting a refund for his pending flights. (*Id.* at p. 3, ¶ 6). In fact, it seems that many of Plaintiff's upcoming flights are fully refundable. (*See* Doc. 1-5, pp. 16–18).[3]

Next, Plaintiff argues that he will suffer irreparable injury if the Motion is not granted because his constitutional right to travel will be violated. (Doc. 8, p. 23). But Plaintiff can still fly to Utah in compliance with the FTMM. Moreover, flying may be Plaintiff's preferred mode of transportation, but it is by no means the *only* reasonable mode of transportation available to him.

In sum, the Court finds Plaintiff's arguments unpersuasive. There is nothing stopping Plaintiff from traveling from state to state, and the fact that Plaintiff may choose not to go on vacation to visit friends and family and the National Parks does not rise to the level of an exigency that would justify the "extraordinary and drastic" remedy of an *ex parte* TRO. *See id.*

---

[3]  As displayed by the trip confirmations attached to his complaint, Plaintiff has purchased "Refundability" and "Trip Flex" for two of his upcoming flights. (*See id.*).

4

## IV. CONCLUSION

Considering these deficiencies, it is **ORDERED** and **ADJUDGED** that Plaintiff's Emergency Motion for Temporary Restraining Order Against All Federal Defendants on Counts 1–12 & 14–15 of the Complaint (Doc. 8) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on June 15, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties