# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LUCAS WALL,**

        **Plaintiff,**

**v.**                                                                                                                       **Case No: 6:21-cv-975-PGB-DCI**

**CENTERS FOR DISEASE CONTROL
& PREVENTION, DEPARTMENT OF
HEALTH & HUMAN SERVICES,
TRANSPORTATION SECURITY
ADMINISTRATION, DEPARTMENT
OF HOMELAND SECURITY,
DEPARTMENT OF
TRANSPORTATION, JOSEPH BIDEN,
GREATER ORLANDO AVIATION
AUTHORITY and CENTRAL
FLORIDA REGIONAL
TRANSPORTATION AUTHORITY,**

        **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | Plaintiff's Motion for Preliminary Injunction on Counts 1-12, 14-15 of the Complaint (Doc. No. 33) |
| **FILED:** | June 17, 2021 |
| **MOTION:** | Plaintiff's Motion for Preliminary Injunction on Counts 19-23 (Doc. No. 36) |
| **FILED:** | June 18, 2021 |
| **MOTION:** | Federal Defendants' Motion to Strike Plaintiff's Motions for Preliminary Injunction (Doc. No. 48) |
| **FILED:** | June 21, 2021 |

> **THEREON** it is **ORDERED** that Defendants' Motion to Strike (Doc. 48) is **GRANTED in part** and Plaintiff's Motions (Docs. 33, 36) are **STRICKEN**.

Plaintiff, proceeding *pro se*, has filed a Complaint including 23 causes of action against Defendants related to the Centers for Disease Control and Prevention's (CDC) requirement that individuals wear masks due to COVID-19.  Doc. 1.  On June 11, 2021, Plaintiff filed a motion for leave to exceed the page limit set by the Local Rules for his then-forthcoming motion for a preliminary injunction.  Doc. 9.  Plaintiff stated that although his 25-page TRO motion covered only Counts 1-12 and 14-15 of the Complaint,[1] "[f]or this Court's more in-depth consideration at the preliminary injunction phase, [he] would like the ability to expand [his] arguments into several more of the 21 counts charged against the Federal Defendants in the Complaint." *Id*. at 2.  Notably, he stated that "a local rule restricts a motion to 25 pages without leave of the Court." *Id*.  On June 11, 2021, the Court denied Plaintiff's motion.  Doc. 10.

Pending before the Court are Plaintiff's Motion for Preliminary Injunction on Counts 1-12 and 14-15 of the Complaint and Plaintiff's Motion for Preliminary Injunction on Counts 19-24 of the Complaint (the Motions).  Docs. 33, 36.  The Motions are each 25 pages in length, which prompted Defendants to file a Motion to Strike.  Doc. 48.  Defendants argue that the Motions are due to be stricken as a sanction for violating the Court's Orders and the Local Rules, and Defendants request a briefing schedule if Plaintiff refiles his request for a preliminary injunction. *Id*.

---

[1] Plaintiff electronically filed a motion for a temporary restraining order on June 10, 2021, seeking relief on Counts 1-12 and 14-15 of his Complaint.  Doc. 8.  On June 15, 2021, the Court denied the request finding that "the Motion fails to demonstrate that Plaintiff will suffer irreparable injury if relief is not granted."  Doc. 28 at 4.

"A trial court has the inherent power to impose sanctions for a party's failure to comply with court orders or the Federal Rules of Civil Procedure." *Harris Corp. v. Fed. Express Corp.*, 2010 WL 11474444, at *1 (M.D. Fla. Mar. 3, 2010) (citing *Zocaras v. Castro*, 465 F.3d 479, 490 (11th Cir. 2006)). When faced with such a violation, "[t]he Court may, among other things, strike a non-compliant motion or other filing." *Id.* (citing *Jones v. United Space Alliance, LLC*, 170 Fed. App'x 52, 57 (11th Cir. 2006) (district court did not abuse its discretion in striking a motion that violated local rules)).

The Motions are due to be stricken as a sanction for violating the Court's June 11, 2021 Order and the Local Rules of this Court. Doc. 10. The Court agrees with the Defendants that Plaintiff explicitly requested and was denied leave to file a 50-page motion for preliminary injunction and the filing of two separate 25-page motions clearly disregards and is an attempt to end-run the Court's Order and the Local Rule 3.01(a). Also, while the length of each of the Motions arguably does not violate the Local Rules, the combination of the Motions exceeds the permissive page limit and is, in fact, a violation of the Local Rules. To hold otherwise would be to permit a 25-page motion on each legal ground a party might raise in support of a request for relief—something not contemplated or permitted by Local Rule 3.01(a). As reflected in the motion to exceed the page limit, Plaintiff is aware of the Local Rule on this issue. *See* Doc. 9. However, because Plaintiff is a *pro se* party, the Court will exercise its discretion not to further sanction Plaintiff or to revoke the CM/ECF filing privileges granted by the Court's prior Order, in which Plaintiff was also warned that any violation of the Local Rules would result in revocation of those filing privileges.

As such, it is **ORDERED** that the Defendants' Motion (Doc. 48) is **GRANTED in part** to the extent that Plaintiff's Motions (Docs. 33, 36) are hereby **STRICKEN**. Plaintiff may refile

his request for a preliminary injunction in a single motion of no more than 25 pages that complies with the Local Rules and the Court's Orders. If Plaintiff does so, Defendants are directed to file a response within **THIRTY DAYS** of the filing of the motion for preliminary injunction. The remainder of Defendants' Motion (Doc. 48) is **DENIED without prejudice**.

    **ORDERED** in Orlando, Florida on June 22, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties