# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LUCAS WALL,

        **Plaintiff,**

v.                                   **Case No: 6:21-cv-975-PGB-DCI**

CENTERS FOR DISEASE CONTROL
& PREVENTION, DEPARTMENT OF
HEALTH & HUMAN SERVICES,
TRANSPORTATION SECURITY
ADMINISTRATION, DEPARTMENT
OF HOMELAND SECURITY,
DEPARTMENT OF
TRANSPORTATION, JOSEPH BIDEN,
GREATER ORLANDO AVIATION
AUTHORITY and CENTRAL
FLORIDA REGIONAL
TRANSPORTATION AUTHORITY,

        **Defendants.**

---

# ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion to Disqualify Magistrate Judge (Doc. 61)** |
| **FILED:** | **June 25, 2021** |
| | |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

## I.       Background and Procedural History

Plaintiff, proceeding *pro se*, has filed a Complaint including 23 causes of action against Defendants related to a Centers for Disease Control and Prevention (CDC) requirement that individuals wear masks in relation to air travel due to COVID-19.  Doc. 1.

As more fully discussed in the June 22, 2021 Order, Plaintiff filed a motion for leave to exceed the page limit set by the Local Rules for his then-forthcoming motion for a preliminary injunction.  Doc. 9.[1]  On June 11, 2021, the Court denied Plaintiff's motion.  Doc. 10.  Plaintiff then filed a Motion for Preliminary Injunction on Counts 1-12 and 14-15 of the Complaint and a Motion for Preliminary Injunction on Counts 19-24 of the Complaint.  Docs. 33, 36.  In direct contravention of the Court's ruling, the motions were each 25 pages long, prompting Defendants to file a Motion to Strike.  Doc. 48.

On June 22, 2021, the undersigned entered an Order striking the motions but allowing Plaintiff to re-file a motion for preliminary injunction in compliance with the Local Rules and orders of this Court.  Doc. 55.  The Order was docketed about 16 minutes after Plaintiff filed a response.  Doc. 54.

Later that same day, Plaintiff filed an Emergency Motion to Vacate that June 22, 2021 Order—Plaintiff argued that the Order was "clearly erroneous and contrary to law as it was issued *ex parte*."  Doc. 56.  Plaintiff claimed that his request was urgent because he had a flight from Orlando to Frankfurt on July 1st to visit his brother and his wife, and that trip necessitated the Court ruling immediately on the motions for preliminary injunction.  *Id*. at 1.

---

[1] Plaintiff stated that although his 25-page TRO motion covered only Counts 1-12 and 14-15 of the Complaint,[1] "[f]or this Court's more in-depth consideration at the preliminary injunction phase, [he] would like the ability to expand [his] arguments into several more of the 21 counts charged against the Federal Defendants in the Complaint."  *Id*. at 2.  Notably, he stated that "a local rule restricts a motion to 25 pages without leave of the Court."  *Id*.

By Order dated June 29, 2021, the Court denied the Emergency Motion to Vacate. Doc. 67. In doing so, the Court affirmed the undersigned's decision to strike Plaintiff's preliminary injunction motions, as well as the undersigned's decision to grant Defendants' an extension to respond to any re-filed motion for preliminary injunctive relief. *Id*.

While the Court was still taking the Motion to Vacate into consideration, Plaintiff also filed an Emergency Petition for Permission to Appeal with the Eleventh Circuit Court of Appeals "to correct" the Court's rulings on the Motion for Temporary Restraining Order and the Motion to Strike along with the case referral to the undersigned. Doc. 58.

On June 28, 2021, the Eleventh Circuit denied Plaintiff's first emergency petition finding that there was no basis for granting the request and declining to treat the petition as a notice of appeal. Doc. 70. Plaintiff filed an identical copy of the petition with the district court which gave rise to a second petition and on June 30, 2021, the Eleventh Circuit entered another order dismissing the appeal for lack of jurisdiction. Doc. 74. The appellate court found that Plaintiff's refusal to refile his preliminary injunction motion in the district court in compliance with the court's local rules is an insufficient basis for the court to exercise appellate jurisdiction. *Id*. at 3*, citing Schiavo ex. rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005).

On July 13, 2021, the United States Supreme Court similarly denied Plaintiff's request for emergency injunctive relief. *See* Doc. 91.

Before the Court denied the Motion to Vacate and the Eleventh Circuit ruled on the Emergency Petitions, Plaintiff filed a Motion to Disqualify the undersigned pursuant to 28 U.S.C. § 455(a) (the Motion), which remains pending. Doc. 61. For the reasons stated in this Order, the request is due to be denied.

## II.      Standard

Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  The purpose of this provision is "to promote public confidence in the integrity of the judicial process" and "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60 (1988) (citations omitted).  In addition, though not explicitly asserted by Plaintiff but arguably relevant based on the arguments in the Motion, § 455(b) requires disqualification in any case "(1) [w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . [or] (3) [w]here [the judge] has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."

"[J]udges are presumed to be impartial" and a litigant seeking to have a judge recused from a case "bears the burden of demonstrating an objectively reasonable basis for questioning the judge's impartiality." *Centennial Bank v. Servisfirst Bank, Inc.*, 2020 U.S. Dist. LEXIS 37303, at *7 (M.D. Fla. Mar. 4, 2020) (citing *Taylor v. Bradshaw*, 2014 U.S. Dist. LEXIS 148468 (S.D. Fla. 2014)).  The test in this regard "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Yeyille v. Miami Dade Cty. Pub. Sch.*, 654 F. App'x 394, 396 (11th Cir. 2016) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).  A movant cannot meet this standard by making "unsupported, irrational, or tenuous allegations," *id.* (citing *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988) (per curiam).

Further, a "judge is equally obligated to preside over a case when there is no legitimate reason to recuse as she is to recuse when the law and facts require." *Paylan v. Bondi*, No. 8:15-CV-1366-T-36AEP, 2017 WL 11553079, at *2 (M.D. Fla. Apr. 6, 2017) (citing *United States v. Malmsberry*, 222 F. Supp. 2d 1345, 1349 (M.D. Fla. 2002); *United States v. Greenspan*, 26 F.3d 1001 (10th Cir. 1994)).  If the judge finds that none of the explicitly enumerated conflicts of interest in which recusal is mandatory under § 455 apply, the judge is obligated to continue to preside over the case. *Paylan*, 2017 WL 11553079, at *2 (citing *Lawal v. Winners Int'l Rests Co. Ops., Inc.*, No. 1:04-CV-0913-WSD, 2006 WL 898180, at *4 (N.D. Ga. Apr. 6, 2006) (holding a trial judge has as much obligation not to recuse herself when there is no reason to do so as she does to recuse herself when the converse is true)).  Thus, as here, the fact that a party does not respond in opposition to a motion for disqualification does not result in the motion for disqualification being granted as "unopposed," as Plaintiff argues.

### III.   Discussion

Plaintiff seeks disqualification pursuant to § 455(a) alleging that the undersigned showed bias and violated his right to due process "in recently ruling on the Federal Defendants' motion to strike and extend deadline *ex parte*."  Doc. 61.  Plaintiff states that the Order granting the Motion to Strike was entered without consideration of Plaintiff's response to the motion filed 16 minutes before the June 22nd Order was entered.  *Id*. at 1.  Plaintiff states that he was allowed 14 days to respond in opposition to the request to strike and was "shocked" to receive notification that the undersigned ruled without considering any of the arguments raised in the response.  *Id*. at 2.

Plaintiff asserts that the undersigned's ruling was clearly erroneous and contrary to law and shows bias because an *ex parte* judicial proceeding is conducted for the benefit of only one party in violation of the Fifth Amendment.  *Id*. at 3-4.  Plaintiff adds that the *ex parte* ruling delayed the

resolution of the motions for preliminary injunction forcing him to file an emergency appeal because he booked the July 1st flight. *Id*. at 6.

In sum, Plaintiff contends that he meets the standard for disqualification because "there is no doubt that one observing these proceedings would question Magistrate Judge Irick's impartiality after the June 22 *ex parte* decision granting the government, whom he used to work for, everything it desired to stall a decision on my Motions for Preliminary Injunction." *Id*. at 10. Plaintiff cites to the undersigned's previous service as an Assistant United States Attorney, noting that the Federal Defendants are represented in this case by an Assistant United States Attorney from the United States Attorney's Office at which the undersigned used to work.

Here, no bases for disqualification exist. Plaintiff "is merely dissatisfied with another of the Court's rulings, which is not a basis for recusal." *Paylan*, 2017 WL 11553079, at *3 (citing *Moore v. Shands Healthcare, Inc.*, 617 Fed. Appx. 924, 927 (11th Cir. 2015) ("Moore moved for a recusal based on his dissatisfaction with the rulings of the district court, but adverse rulings provide grounds for an appeal, not a recusal.").[2]

---

[2] Though not necessary to rule upon the Motion, the undersigned notes that no error was committed by striking the non-compliant motions for preliminary injunction, nor was the order striking those motions "*ex parte*." "A trial court has the inherent power to impose sanctions for a party's failure to comply with court orders or the Federal Rules of Civil Procedure." *Harris Corp. v. Fed. Express Corp.*, 2010 WL 11474444, at *1 (M.D. Fla. Mar. 3, 2010) (citing *Zocaras v. Castro*, 465 F.3d 479, 490 (11th Cir. 2006)). When faced with such a violation, "[t]he Court may, among other things, strike a non-compliant motion or other filing." *Id*. (citing *Jones v. United Space Alliance, LLC*, 170 Fed. App'x 52, 57 (11th Cir. 2006) (district court did not abuse its discretion in striking a motion that violated local rules)). With or without Defendants' motion to strike and Plaintiff's response thereto, the motions for preliminary injunction were due to be stricken for violating the Court's June 11, 2021 Order and the Local Rules of this Court. Doc. 10. The Court did not require Plaintiff's response to strike the non-compliant filings or to rule on Defendants' Motion, and the response—having been considered—does nothing to change the result. Indeed, the Court has since ruled on Plaintiff's Motion to Vacate, which is based on the same "*ex parte*" argument. Doc. 67 at 6.

Further, to the extent Plaintiff is attempting to assert that the undersigned is biased based upon prior governmental service with the United States Attorney's Office, § 455(b)(3), which governs the recusal of a judge who previously served in governmental employment, "requires actual participation by the judge in the particular case in some fashion." *Siddiqui v. Wade*, 2007 WL 9702158, at *2 (N.D. Ga. Jan. 4, 2007), objections overruled, 2007 WL 1020802 (N.D. Ga. Apr. 2, 2007) (citing *Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995) (recusal requires actual participation by the former government attorney). As the Court in *Siddiqui* explained:

> Unlike judges who previously worked in the private sector, there is no imputed disqualification of judges who formerly served in governmental employment. Thus, "a judge is not subject to mandatory disqualification based on the mere fact that another lawyer in his prior government office served as an attorney on the matter." United States v. Champlin, 388 F. Supp. 2d 1177, 1180 (D. Haw. 2005).
>
> Several courts have addressed the scope of recusal under subsection (b)(3) for judges who formerly served as an AUSA, and the law is "clear that an Assistant United States Attorney is only disqualified from cases on which he or she actually participated." *Id*. (citing *United States v. Ruzzano*, 247 F.3d 688, 695 (7th Cir. 2001) ("As applied to judges who were formerly AUSAs, § 455(b)(3) requires some level of actual participation in a case to trigger disqualification."); *Mangum*, 67 F.3d at 83 (recusal under § 455(b)(3) not required "unless the former government attorney has actually participated in some fashion in the proceedings*"); Kendrick v. Carlson*, 995 F.2d 1440, 1444 (8th Cir. 1993) ("[A]n AUSA without any involvement in a case brought by other attorneys in his office is not required to disqualify himself from presiding over such a case under 28 U.S.C. § 455(b)(3)."); *United States v. Gipson*, 835 F.2d 1323, 1326 (10th Cir.), cert. denied, 486 U.S. 1044 (1988) ("[B]efore the presumption arises that a judge is in fact partial because of his past conduct as an attorney, a party seeking disqualification must show that the judge actually participated as counsel.")).

*Siddiqui*, 2007 WL 9702158, at *2. Here, the undersigned had no actual participation in this case during former governmental service. Further, in the Motion, Plaintiff fails to establish that the undersigned's Order striking the motions for preliminary injunction displays bias against Plaintiff. The Motion is based on speculation and conjecture, combined with a mention of the undersigned's

previous employment as an Assistant United States Attorney.  Such unsupported accusations of bias provide no basis for disqualification or recusal based on § 455(b)(1).

### IV.      Conclusion

Based on the foregoing, there is no basis for disqualification.  A judge should not recuse himself upon unsupported allegations.

It is **ORDERED** that Plaintiff's Motion to Disqualify (Doc. 61) is **DENIED**.

**ORDERED** in Orlando, Florida on July 22, 2021.


DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE