# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL,** | : |
| Plaintiff, | : Case No. 6:21-cv-975-PGB-DCI |
| v. | : District Judge Paul Byron |
| **CENTERS FOR DISEASE CONTROL & PREVENTION** *et al.* | : Magistrate Judge Daniel Irick |
| Defendants. | : |

### PLAINTIFF'S OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR LEAVE TO FILE A COMBINED 25-PAGE REPLY BRIEF ON OR BEFORE SEPT. 30, 2021

COMES NOW plaintiff, *pro se*, and opposes the Federal Defendants' Motion for Leave to File a Combined 25-Page Reply Brief on or Before Sept. 30, 2021, submitted Aug. 20. Doc. 133. The Federal Defendants' motion should be denied for 20 reasons:

1) Under the Local Rules, the Federal Defendants may file a seven-page reply brief on their Motion for Summary Judgment (Doc. 125) no later than Wednesday, Sept. 1. The Court should enforce this plain rule as there is no cause for changing it.

2) Local Rule 3.01(d) does not allow a reply brief except for a motion for summary judgment. The Federal Defendants are not permitted a reply brief on their Motion to Dismiss. They have not provided any legal authority or good

cause for seeking an exemption to this rule: "NO REPLY AS A MATTER OF RIGHT. Without leave, no party may file a reply directed to a response except a response to a motion for summary judgment. The reply must not exceed seven pages inclusive of all parts."

3) Even if a reply brief on a motion to dismiss were permitted by the Local Rules, the page limit for replies in this Court is seven. Thus even if the Federal Defendants were entitled to a reply brief on their Motion to Dismiss, it would be seven pages, not 25. Even if added together 7+7, the maximum would be 14.

4) This Court throughout this case has not allowed any party to exceed the page limits established by the Local Rules. There is no reason to deviate from that consistent approach now.

5) The Federal Defendants early in this ease blocked my efforts to timely obtain a preliminary injunction by moving to strike my two PI motions (Docs. 33 & 36) that were both 25 pages in compliance with the Local Rules and were on totally separate government policies. Doc. 48. The Court improperly granted that Motion to Strike and – unauthorized by the Local Rules – gave the Federal Defendants 30 instead of seven days to file an opposition to my PI motions, defeating any fair opportunity I had to expeditiously obtain a PI. Docs. 55 & 67. The Federal Defendants incredibly now ask the Court to not only ignore they exceeded by 18 pages the 70-page limit agreed to by the parties and approved by the Court (Doc. 105) in their Aug. 9 combined brief (Doc.

125), which is 88 pages long[1] – but now they demand 25 pages instead of seven for their reply brief. There is no reason for this Court to deviate from its strict enforcement of page limits established in the Local Rules – especially when the Federal Defendants themselves made such a huge issue of it earlier in the case (Doc. 48).

6) Granting the Federal Defendants extra pages would be contrary to this Court's prior ruling: "The Local Rules impose page limits for a reason: the maintenance of judicial economy." Doc. 67 at 6.

7) To add outrage to insult, the Federal Defendants also ask to be given an additional 29 days to file their reply brief – delaying their deadline from Sept. 1 to Sept. 30 to postpone by a full month this Court's likely decision to vacate the Federal Transportation Mask Mandate ("FTMM") and International Traveler Testing Requirement ("ITTR"). This Court's rules are clear: "A party may reply to a response to a motion for summary judgment within 14 days after service of the response." Local Rule 3.01(d). My response was filed Aug. 18. Add 14 days = the reply deadline is Sept. 1. The Court should not grant any extension.

8) The Federal Defendants and I had an agreement on briefing the three dispositive motions before the Court not involving the Local Defendants: Docs.

---

[1] Although I understand in some other federal courts, parts of briefs such as table of contents, signature, certificate of service, etc. are not included in page/word limits, the Local Rules in this district are clear that all page limits apply "inclusive of all parts."

83 (amended at 127-1) and 125 (times two). As noted in the parties' unopposed motions (Docs. 103 & 104) and approved by this Court (Doc. 105), the federal government and I agreed our briefs would stay within the limits of the Local Rules while consolidating them. There was no agreement to extend any deadlines except I, in good faith, consented earlier to the Federal Defendants' Motion for Extension of Time (Doc. 96; granted by the Court at Doc. 97) to respond to my Motion for Summary Judgment until Aug. 9, the same deadline for them to answer or otherwise respond to the Complaint. The instant motion to give the Federal Defendants 29 extra days to reply and an additional 18 pages violates the spirit, if not the letter, of the agreement.

9) I had to spend numerous hours cutting down my combined brief (Doc. 130) from the first draft of 62 pages to comply with the 47-page limit the parties agreed on and the Court approved. This number was based in part on the seven-page reply-brief maximum (7 reply + 20 opposition + 20 opposition = 47). I thought about seeking leave for extra pages, but opted not to because it would have violated the parties' agreement (even though one could argue it would have only been fair given that the Federal Defendants submitted an extra 18 pages beyond the 70-page limit). There were several sections of my combined brief I had to chop in great despair because the arguments were so strong. Trimming to meet the page limit the parties agreed on was not an easy task. Therefore I find it disrespectful to be hit by the Federal Defendants with a request for another 18-page page violation of our agreement (not to

mention a bad-faith request to delay disposition of the motions by a month to intentionally ensure I can't fly to Germany to visit my family Sept. 12).

10) Beyond the seven pages permitted by Local Rule 3.01(d), the Federal Defendants will have an opportunity to reply to any assertions I made in my opposition brief (Doc. 130) at oral argument, which I have requested (Docs. 83-15 & 130-22). Oral argument is a better forum than an expansive and severely delayed reply brief for the government to address any "new issues" raised in my opposition because I will have a fair opportunity to immediately respond, and the Court will likewise have the chance to ask questions inquiring into both parties' positions in this important case of first impression nationwide.

11) The Court previously denied my efforts to get modifications to the rules governing motions. Likewise the Federal Defendants "offer[] no persuasive reason based in the law to support the requested relief. … the case must continue forward as required by the rules and orders of this Court." Doc. 90 at 4.

12) The Court should ignore the Federal Defendants' silly assertion that I "filed [my] combined brief early." Doc. 133 at ¶ 3. The Local Rules set deadlines for when briefs must be filed; they do not set dates before which filings may not be made. My combined brief (Doc. 130) included a reply to the Federal Defendants' Opposition to my Motion for Summary Judgment. Per Local Rule 3.01(d), I had a maximum of 14 days to file my combined brief (Aug.

5

9 + 14 = Aug. 23). That I filed five days ahead of the deadline (Aug. 18) does not make the filing "early" – it just means, consistent with my posture throughout this case – I worked hard to get my brief filed as quickly as possible.

13)  Even if the Court were to buy this "filed early" nonsense, my brief was submitted five days ahead of the deadline. Yet the Federal Defendants somehow ask this Court for an additional 29 days to reply. This argument just doesn't compute except that Defendant President Biden wants to delay as long as possible the embarrassment of having one of his signature campaign promises (the FTMM) struck down when he's already facing plunging poll numbers because of the Afghanistan debacle, he lost tonight at the Supreme Court on immigration enforcement,[2] and he's expected to suffer a humiliating thrashing at the high court this week or next on Defendant CDC's Eviction Moratorium.[3] As with the FTMM and ITTR orders themselves, this desire to delay delay delay is based solely on politics. The Court should not endorse it.

14)  The Federal Defendants complain that "Plaintiff's combined brief was also accompanied by 218 new exhibits, totaling over 1,500 additional pages." Doc. 133 at ¶ 3. They note they filed three different certified administrative records, but fail to mention those totaled 633 pages. My lengthy submission

---

[2] *Biden v. Texas*, No. 21A21 (Aug. 24, 2021); Ex. 1

[3] *Alabama Ass'n of Realtors v. HHS,* No. 21A23

of exhibits was warranted to contradict the materials in the administrative record, showing the Federal Defendants failed to consider numerous problems with the FTMM and ITTR, and did not consider less restrictive alternatives that don't violate constitutional rights.

15) No one can read with a straight face the Federal Defendants' claim that they "respectfully request a **brief** period of additional time to prepare their reply..." *Id.* at ¶ 6 (emphasis added). When the rule allots 14 days to reply and a party asks for 43 days instead, that is the complete opposite of "a brief period of additional time." That is in fact more than **triple** the time authorized by Local Rule 3.01(d).

16) The fact that Stephen Pezzi of the U.S. Department of Justice ("DOJ"), counsel for the Federal Defendants, needs to "avoid conflicts with the pre-existing professional obligations" is not good cause to delay for a month the resolution of this case when I (and tens of millions of Americans similarly situated) have been prohibited from using any mode of public transportation for nearly three months because of the illegal FTMM and ITTR. I, as a solitary *pro se* plaintiff, was able to wade through the government's 88-page combined brief plus 633 pages of the administrative record, then drafted a 47-page response brief with 218 exhibits in nine days. Then surely the mighty DOJ can write a seven-page reply brief in 14 days. If Mr. Pezzi is unavailable to write seven pages in a two-week period, his co-counsel in this case, Adam Smart, or others within DOJ could assume that small task.

7

17) I strongly object to the Federal Defendants' statement that "This request would not meaningfully prejudice any other party." Doc. 133 at ¶ 7. As noted, I have been banned from flying or using any other mode of public transport for months because of the illegal FTMM and ITTR. A one-month delay would be extremely prejudicial to me as I remain stranded in Florida pending (at least a partial) resolution of this lawsuit.

18) The Federal Defendants' motion to delay a month is made in bad faith when it acknowledges I have rebooked (for a third time) my flight to Germany to visit my brother and his wife Sept. 12. *Id.* The government incorrectly asserts that "even on the current schedule, there is no realistic possibility that judgment would be entered before September 12, particularly given Plaintiff's desire for oral argument..." *Id.* That's not true. Once the Federal Defendants file their reply brief Sept. 1 as required by Local Rule 3.01(d), the case could and should be transferred back to District Judge Paul Byron (as I have asked for during this entire litigation; *see* Docs. 46, 58, 61, 83-15, 100-8, 101-1, & 130-22). Judge Byron could decide the motions on the briefs or schedule oral argument for Sept. 2-9, when his schedule is quite open. Ex. 2. While admittedly a tight timeline, it would not be *impossible* for Judge Byron to issue a decision by Sept. 11 – at least on summary judgment in my favor on two counts of the Complaint (one on FTMM and one on ITTR) before my flight to Germany departs Sept. 12. The entire case (16 counts vs. the Federal Defendants and two counts vs. the Local Defendants) would not

8

have to be decided by Sept. 11 as I only need prevail on one count to vacate the FTMM and one count to vacate the ITTR.

19) Even if it proves too tight of a timeline for the Court to at least partially resolve this case by Sept. 11, that does not give the government justification for seeking a one-month delay in filing its seven-page reply. I could change my ticket to Germany for a fourth time by moving back the trip a couple weeks if needed for this Court to hold oral argument and render at least a partial judgment. But any further changes to my travel plans should be due to the Court's schedule, not an unnecessary 29-day delay sought by the Federal Defendants.

20) Finally, the government contends "there is no justification for any atypical urgency, given that … Plaintiff abandoned his efforts to obtain a preliminary injunction…" Doc. 133 at ¶ 7. But I am not asking for "any atypical urgency." I simply want the Court to ***enforce its own rules*** stating the Federal Defendants have 14 days to file a reply brief not exceeding seven pages. I am not the party asking for the Court to grossly bend the rules; the government is. And I "abandoned" efforts to obtain a preliminary injunction because of the Federal Defendants' actions, which this Court mistakenly approved. However, I retain the right at any time to seek a PI. I have not done so because it appears all parties concur this case can and should be resolved on the merits as quickly as possible. Moving for a PI at this stage in the case would only muddy the waters and likely lead to further delays in deciding

the merits. However, should the Court grant the government's request for a one-month delay in filing a seven-page reply, I would be well within my rights to immediately move for an expedited preliminary injunction to make my Sept. 12 flight – creating even more work for Mr. Pezzi and his colleagues (not to mention the Court).

WHEREFORE, I request this Court issue an order denying the Federal Defendants' Motion for Leave to file excess pages and delay the case by 29 days (Doc. 133). The government should be directed to comply with the Local Rules by filing a seven-page reply brief no later than Wednesday, Sept. 1, after which I urge the Court to promptly schedule oral argument.

Respectfully submitted this 24th day of August 2021.

*Lucas Wall*
Lucas Wall, plaintiff
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com