# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL,** | : |
| Plaintiff, | : Case No. 6:21-cv-975-PGB-DCI |
| v. | : District Judge Paul Byron |
| **CENTERS FOR DISEASE CONTROL & PREVENTION** *et al.* | : Magistrate Judge Daniel Irick |
| Defendants. | : |

### PLAINTIFF'S MOTION TO VACATE MAGISTRATE JUDGE'S ORDER STRIKING NOTICE OF SUPPLEMENTAL AUTHORITY

COMES NOW plaintiff, *pro se*, and moves pursuant to Fed.R.Civ.P. 72(a) for an order from the district judge vacating the magistrate's Order (Doc. 141) striking my Notice of Supplemental Authority (Doc. 140).

Rule 72(a) allows a party to object to a nondispositive order issued by a magistrate judge, after which "The district judge in the case must … modify or set aside any part of the order that is clearly erroneous or is contrary to law." In this matter, the magistrate's Order striking my Notice of Supplemental Authority is clearly erroneous as it eliminates a document from the docket that was filed in compliance with Local Rule 3.01(i).

The magistrate misapplied the plain meaning of this Local Rule when he wrote that "If a party deems it appropriate to alert the Court to a new legal authority by filing a notice of supplemental authority, it may do so by filing only the citation to

1

the new legal authority." Doc. 140. But that's not what Local Rule 3.01(i) states. It reads: "After filing a legal memorandum but before a decision, a party identifying a supplemental authority that is not merely cumulative may file – without argument or comment – a notice of supplemental authority that contains only: (1) a citation of the authority; (2) a specification by page, paragraph, and line of the issue or argument in the earlier paper that the authority supplements; and (3) a succinct quotation from the authority."

The magistrate's Order is clearly erroneous because it states a party may file "only the citation" but ignores Clauses 2 & 3 of Local Rule 3.01(i). The magistrate's Order is also clearly erroneous in its statement that the multiple Notices of Supplemental Authority I've filed since submitting my Motion for Summary Judgment on July 8 (Doc. 83; amended at Doc. 127-1) and my oppositions to the Local Defendants' Motions to Dismiss on July 26 (Docs. 100 & 101) "constitute violations of the Court's local rules concerning page limitations." But each of my notices complies with Local Rule 3.01(i): "The notice … must not exceed two pages inclusive of all parts." All of my notices the magistrate complains about are exactly two pages in length.

The magistrate's Order seems to object that I have filed too many Notices of Supplemental Authority pursuant to Rule 3.01(i) (citing Docs. 99, 107, 108, 109 & 140). But there is no limit in the Local Rule on the number of such notices that may be submitted, and none of my five notices violates the rule. All present NEW caselaw and a state executive order directly on the subject of this litigation: illegal

COVID-19 pandemic orders issued by the Centers of Disease Control & Prevention ("CDC") and the other seven defendants. As the Court is no doubt aware, the law surrounding pandemic restrictions is rapidly evolving and presents the judiciary nationwide with numerous questions of first impression (including this case).

Doc. 99 alerts the Court to a July 24 decision by the U.S. Court of Appeals for the 11th Circuit upholding this Court's preliminary injunction stopping CDC from enforcing onerous pandemic rules against cruiseships; Doc. 107 alerts the Court to a Florida executive order issued July 30 pertaining to mask mandates (the subject of my causes of action against Defendants Central Florida Regional Transportation Authority and Greater Orlando Regional Transportation Authority); Doc. 108 alerts the Court to a July 23 Sixth Circuit decision vacating CDC's Eviction Moratorium (which is based on the same section of the Public Health Service Act as the two CDC orders I challenge in this case); and Doc. 109 alerts the Court to a July 14 11th Circuit decision on the Eviction Moratorium.

The stricken Notice of Supplemental Authority (Doc. 140) alerts the Court to the Supreme Court's Aug. 26 decision striking down the Eviction Moratorium. In this notice (and all other similar ones discussed above), I cited Local Rule 3.01(i) as the authority for filing. I have been careful to comply with this Local Rule. Doc. 140 contains a citation to the case, a specification of the issues and arguments in the earlier paper that the authority supplements, and succinct quotations from the new authority for the three issues/arguments specified. The notice is also two pages, in compliance with the Local Rule. It contains no "commentary" regarding

3

the new authority, as the magistrate incorrectly found in his Order at Doc. 141. Because the Order is "clearly erroneous" in applying Local Rule 3.01(i), it should be vacated.

WHEREFORE, I request the district judge issue an order granting me the following relief: Vacate the magistrate's order at Doc. 141 and restore to the docket my Notice of Supplemental Authority at Doc. 140.

**Local Rule 3.01(g) Certification**
I hereby certify that on Aug. 27, I conferred via e-mail with Stephen Pezzi, counsel for the Federal Defendants; David Wood, counsel for Defendant Central Florida Regional Transportation Authority; and Sally Culley, counsel for Defendant Greater Orlando Aviation Authority. All defendants said they take no position on this motion, and none indicated they plan to file an opposition.

Respectfully submitted this 28th day of August 2021.

*Lucas Wall*
Lucas Wall, plaintiff
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com