# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CASE NO.: 6:21-cv-00975-PGB-DCI

LUCAS WALL,

    Plaintiff,

v.

CENTERS FOR DISEASE CONTROL
& PREVENTION, DEPARTMENT OF
HEALTH & HUMAN SERVICES,
TRANSPORTATION SECURITY
ADMINISTRATION, DEPARTMENT OF
HOMELAND SECURITY, DEPARTMENT
OF TRANSPORTATION, JOSEPH BIDEN,
in his official capacity as President of the
United States of America, GREATER
ORLANDO AVIATION AUTHORITY, and
CENTRAL FLORIDA REGIONAL
TRANSPORTATION AUTHORITY,

    Defendants.
_____/

## DEFENDANT CENTRAL FLORIDA REGIONAL TRANSPORTATION AUTHORITY'S REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant, Central Florida Regional Transportation Authority, d/b/a LYNX ("LYNX"), pursuant to the Court's Order dated August 26, 2021 [D.E. 139], files its reply in support of LYNX's Dispositive Motion to Dismiss Count 18 of Plaintiff's Complaint (the "Motion"), filed on July 6, 2021. [D.E. 82.] In support, LYNX states as follows.

58802442;2

## MEMORANDUM OF LAW

### I. Plaintiff's Response Is Inapt Because the Complaint Neither Seeks a Writ of *Quo Warranto* Nor Alleges a Cause of Action for Invasion of Privacy.

Count 18 of the Complaint attempts to state a claim against LYNX for violation of Executive Order 21-102. However, in his Response, Plaintiff claims that it is "immaterial" whether there is a private right of action under Executive Order 21-102. [D.E. 101 at p. 1.] Instead, Plaintiff chooses to argue the merits of claims not pleaded in his Complaint. Specifically, the Response consists largely of argument regarding unpleaded claims under the doctrine of *quo warranto* [D.E. 101 at pp. 1-5], and for an alleged violation of his right to privacy under the Florida Constitution [D.E. 101 at pp. 2-6, 8, 12-13.]. However, Plaintiff's Response cannot amend nor enlarge the narrow claim actually pleaded in Count 18 – a claim seeking a declaration that LYNX's alleged mask mandate violates Executive Order 21-102 and a request for such mandate to be enjoined.

The Eleventh Circuit has held that plaintiffs may not assert new claims via opposition briefs. *Menzie v. Ann Taylor Retail Inc.*, 549 F. App'x 891, 895–96 (11th Cir. 2013) (finding that plaintiff could not raise a hostile work environment claim in an opposition brief where the "the words 'hostile work environment' never even appear in her complaint."). Indeed, given that Plaintiff fails to allege any constitutional violation in his Complaint, he cannot allege such a violation through briefing in opposition to LYNX's motion to dismiss. *Booth v. City of Roswell,* No. 117CV02490LMMCMS, 2018 WL 10798041, at *6 (N.D. Ga. Feb. 22, 2018), report and recommendation adopted,

No. 1:17-CV-2490-LMM, 2018 WL 10798045 (N.D. Ga. Mar. 13, 2018), aff'd, 754 F. App'x 834 (11th Cir. 2018) (holding that, where the complaint was devoid of any reference to a constitutional violation, plaintiff could not assert a constitutional violation through a response in opposition to a motion to dismiss).

Here, the Complaint does not seek a writ of *quo warranto*, nor does it contain a single mention of the word "privacy," much less any allegation of an invasion of Plaintiff's right to privacy. As such, Plaintiff's argument in the Response regarding the doctrine of *quo warranto* and his various assertions regarding an invasion of his right to privacy should be disregarded for purposes of the Court's consideration of LYNX's Motion to Dismiss, as neither such claim was asserted in the Complaint.

## II. Even Assuming *Arguendo* the Complaint Sought a Writ of *Quo Warranto* and Asserted a Constitutional Violation of his Right to Privacy, Neither Such Claim Would Be Actionable.

Even had the Complaint included claims regarding *quo warranto* or invasion of privacy, neither claim would be actionable in the present case. First, with respect to *quo warranto*, this Court does not possess *quo warranto* jurisdiction. The former Fifth Circuit held that federal courts "have not the right to exercise the *quo warranto* jurisdiction." *Morin v. City of Stuart*, 111 F.2d 773, 775 (5th Cir. 1940).[1] Rather, pursuant to the Florida Constitution, *quo warranto* jurisdiction rests with the Florida Supreme Court and Florida's appellate district courts and circuit courts. *See* art. V, §§

---

[1] The former Fifth Circuit's rulings are binding precedent for the Eleventh Circuit. *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

58802442;2

3(b)(8), 4(b)(3) and 5(b), Fla. Const. Accordingly, Plaintiff's argument regarding *quo warranto* is inapplicable where the Court lacks jurisdiction to grant such a writ.

Even if this Court possessed *quo warranto* jurisdiction, the doctrine cannot be used to test the legality of LYNX's alleged application of a mask mandate. As recently explained by the Southern District of Florida, the remedy of *quo warranto* is "employed to test the actual right to an office or franchise." *Behr v. Ticktin*, No. 9:19-CV-80722, 2019 WL 11639535, at *2 (S.D. Fla. June 7, 2019) (concluding that *quo warranto* was inapplicable where plaintiff did not allege that the official was not entitled to her position, but, instead, only challenged her performance once she was already invested with her official position.) *Quo warranto* cannot "afford [] relief for official misconduct and can not be employed to test the legality of the official action of public or corporate officers.'" *Id*. quoting *Smith v. Dearborn Fin. Servs., Inc.*, 982 F.2d 976, 981 (6th Cir. 1993) (additional citations omitted). Accordingly, Plaintiff's arguments regarding *quo warranto* are substantively inapplicable.

Finally, Plaintiff's various assertions regarding an invasion of his right to privacy are similarly unavailing. The Response relies heavily upon an inapposite case where, unlike here, the plaintiff asserted constitutional violations in his Complaint. *Green v. Alachua Cty.,* No. 1D20-1661, 2021 WL 2387983, at *1 (Fla. 1st DCA June 11, 2021). Indeed, *Green* has no bearing whatsoever on Plaintiff's claims against LYNX for violation of Executive Order 21-102, as the complaint in *Green* was filed before the

Executive Order was issued and the plaintiff in *Green* did not bring any claims regarding an alleged violation of such Executive Order.

In any event, constitutional challenges to mask mandates have been found not to implicate the right to privacy. *Machovec v. Palm Beach Cnty.*, 310 So. 3d 941, 946 (Fla. 4th DCA 2021). Indeed, before the right to privacy is implicated, a reasonable expectation of privacy must exist, which must place "the individual in the context of a society and the values that the society seeks to foster." *Winfield v. Div. of Pari-Mutuel Wagering, Dep't of Bus. Regul.,* 477 So. 2d 544, 547 (Fla. 1985); *Machovec*, 310 So. 3d at 946. For example, "the spread of infectious or contagious diseases or other potential public calamity, presents an exigent circumstance before which all private rights must immediately give way under the government's police power." *Id.*, quoting *Davis v. City of S. Bay*, 433 So. 2d 1364, 1366 (Fla. 4th DCA 1983). Accordingly, in the absence of a reasonable expectation of privacy, the right to privacy is not implicated, and the Response's arguments pertaining to an unpleaded violation of such privacy rights are inapplicable to the issues raised in LYNX's Motion.

**WHEREFORE**, LYNX therefore respectfully requests the Court enter an order granting its Dispositive Motion to Dismiss Count 18 of Plaintiff's Complaint.

Dated:  September 2, 2021.

         Respectfully submitted,

         */s/ David S. Wood*
         David S. Wood, Esq., Trial Counsel
         Florida Bar No.:  289515
         Email:  david.wood@akerman.com
         Monica M. Kovecses, Esq.

Florida Bar No.:  105382
Email:  monica.kovecses@akerman.com
**AKERMAN LLP**
Post Office Box 231
Orlando, Florida 32802-0231
Phone:  (407) 423-4000
Fax:      (407) 843-6610

*Attorneys for Defendant*
CENTRAL FLORIDA REGIONAL
TRANSPORTATION AUTHORITY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 2, 2021, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system, which will send an electronic notice to all counsel and/or *pro se* parties of record.

/s/ *David S. Wood*
David S. Wood, Esq.

58802442;2