# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL,** : | |
| : | |
| Plaintiff, : | Case No. 6:21-cv-975-PGB-DCI |
| : | |
| v. : | District Judge Paul Byron |
| : | |
| **CENTERS FOR DISEASE** : | Magistrate Judge Daniel Irick |
| **CONTROL & PREVENTION** *et al.*, : | |
| : | |
| Defendants. : | |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
## *Huisha-Huisha v. Mayorkas*, No. 21-100 (D.D.C. Sept. 16, 2021)

COMES NOW plaintiff, *pro se*, and advises the Court to please TAKE NOTICE of supplemental authority in support of my Motion for Summary Judgment Against All Federal Defendants on Counts 1, 4-6, 9, 12, 19, & 22-23 of the Complaint. Doc. 83; amended at Doc. 127-1.

Local Rule 3.01(i)(2) permits a party identifying a supplemental authority to cite "a specification by page … of the issue or argument in the earlier paper that the authority supplements." The decision in *Huisha-Huisha* that Defendant Centers for Disease Control & Prevention exceeded its statutory authority under the Public Health Service Act supports my arguments on Pages 5-15 of my Amended Motion for Summary Judgment. Doc. 127-1.

Local Rule 3.01(i)(3) permits a party identifying a supplemental authority to cite "succinct quotation from the authority," and the rule requires that a notice "must

1

not exceed two pages inclusive of all parts." "Plaintiffs argue that the CDC Orders instituting the Title 42 Process exceed the authority granted by Congress pursuant to [42 USC] Section 265. ... The Court agrees and finds that Plaintiffs have shown that they are likely to succeed on the merits of their claim." *Huisha-Huisha* at 32.

"The lack of express terms within the statute is significant: even 'broad rulemaking power must be exercised within the bounds set by Congress,' *Merck & Co. v. U.S. Dep't of Health & Human Servs.*, 385 F. Supp. 3d 81, 92, 94 (D.D.C. 2019), *aff'd*, 962 F.3d 531 (D.C. Cir. 2020) (stating that 'agencies are 'bound, not only by the ultimate purposes Congress has selected, but by the means it has deemed appropriate, and prescribed, for the pursuit of those purposes'); and the CDC 'does not [have the] power to revise clear statutory terms,' *Util. Air Reg. Grp. v. EPA*, 573 U.S. 302, 327 (2014)." *Id.* at 34.

"[T[he plain language of [42 USC] Section 265 ... evinces no intention to grant the Executive the authority to expel or remove persons from the United States. ... Neither does neighboring Section 264 contemplate the removal of persons from the United States. ... Furthermore, even beyond Sections 264 and 271, the statute as a whole does not contain 'a word about the power of the [CDC] to expel anyone who has come into the country.' ... Accordingly, the CDC is not entitled to deference with respect to its interpretation." *Id.* at 36-38 & 43.

Respectfully submitted this 21st day of September 2021.

*Lucas Wall*
Lucas Wall, plaintiff