UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LUCAS WALL,<br><br>           Plaintiff,<br><br>    v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*,<br><br>           Defendants. | Case No. 6:21-cv-975-PGB-DCI |

**FEDERAL DEFENDANTS' SHORT-FORM[1]
MOTION FOR A PROTECTIVE ORDER**

BRIAN M. BOYNTON
Acting Assistant Attorney General

KARIN HOPPMANN
Acting United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

MARCIA K. SOWLES
  Senior Trial Counsel
STEPHEN M. PEZZI
  Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch

ADAM R. SMART
Assistant United States Attorney

*Counsel for the Federal Defendants*

---

[1] Pursuant to the Court's standing order on discovery motions, ECF No. 34, the body of this motion is limited to 500 words. Federal Defendants stand ready to provide further briefing if necessary.

Despite previously acknowledging that this is a record-review case, Plaintiff has emailed Federal Defendants five sets of discovery requests. *See* Exs. 1-5. Federal Defendants thus respectfully request a protective order confirming that there is no discovery in this Administrative Procedure Act (APA) case. In the alternative, the Court should stay all discovery pending resolution of the parties' fully-briefed dispositive motions. Federal Defendants also respectfully request a temporary stay of all discovery pending resolution of this motion.

## ARGUMENT

I. **Under settled principles of APA record review, no discovery in this case is necessary or appropriate.**

As Plaintiff himself has recognized, this is "an action for review on an administrative record[.]" ECF No. 131; *see also* ECF No. 143. Accordingly, "[t]he district court may order discovery beyond the administrative record only where there is 'a strong showing of bad faith or improper behavior.'" *Marllantas, Inc. v. Rodriguez*, 806 F. App'x 864, 867 (11th Cir. 2020) (quoting *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2574 (2019)). Plaintiff has not made (and cannot make) that showing. *See Dep't of Commerce*, 139 S. Ct. at 2573.

Plaintiff cannot evade record-review principles merely by including constitutional claims. *See* 5 U.S.C. § 706(2)(B); *Almaklani v. Trump*, 444 F. Supp. 3d 425, 431-34 (E.D.N.Y. 2020). Regardless, Plaintiff has not focused his requests on his constitutional claims, and *all* of his claims turn on questions of law, not fact.

1

## II. In the alternative, all discovery should be stayed pending resolution of the parties' fully-briefed dispositive motions.

Even if this were not an APA case, a "preliminary peek," *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006), at Federal Defendants' dispositive motion confirms that it is likely to be granted. The Court lacks jurisdiction over many of Plaintiff's claims. *See* 49 U.S.C. § 46110. And Plaintiff cannot overcome the deferential standards of review in challenging the CDC's reasonable public-health judgments. The motion is particularly straightforward with respect to the claims on which Plaintiff has focused his discovery requests (which mostly target DOT, TSA, and FAA, despite clear jurisdictional problems). And Plaintiffs' proposed fishing expedition across the Executive Branch (including discovery of non-parties like the National Security Council) is particularly inappropriate, at least until the Court considers Federal Defendants' threshold arguments. *See In re United States*, 138 S. Ct. 443, 445 (2017). Finally, "the high respect that is owed to the office of the Chief Executive . . . is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 385 (2004).

## III. Any discovery obligations should be stayed pending resolution of this motion for a protective order.

Plaintiff seems to believe that the deadline to respond to his first set of requests is September 27, 2021. Federal Defendants disagree, *see* Fed. R. Civ. P. 26(d)(2)(B), 34(b)(2)(A), but, regardless, out of an abundance of caution, respectfully request that the Court temporarily stay any discovery pending resolution of this motion.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), on September 21st and 22nd, 2021, counsel for the Federal Defendants conferred with all other parties (or their counsel) by email and by telephone. Counsel for Defendants GOAA and LYNX each reported that they do not oppose this motion. After discussing the matter via email and over the phone, Plaintiff reported his position as follows:

"1.     Plaintiff opposes the Federal Defendants' request that the Court prohibit all discovery from them in this case. Although the government has filed a lengthy administrative record, there are nonetheless important documents held by its defendant agencies that are necessary for me to discover to prove certain counts of the Complaint whose issues go beyond the administrative record (e.g. Counts 7, 11, 14, and 15).

2.     Plaintiff opposes the Federal Defendants' alternative request that the Court stay discovery against them pending rulings on the three dispositive motions that have been fully briefed. The discovery requests I've made pertain to causes of action that I have not yet moved for summary judgment because, pending discovery, there exists a genuine dispute over material facts. While the Court deliberates on the three fully briefed dispositive motions, plaintiff maintains it is imperative discovery proceed.

3.     As a courtesy to the Federal Defendants, plaintiff does not oppose their request to toll their obligations to timely respond to discovery requests I have served

from today until the Court's ruling on this motion or 10 days after the date my opposition is filed, whichever comes first."

Dated: September 22, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

KARIN HOPPMANN
Acting United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

By: */s/ Stephen M. Pezzi*
MARCIA K. SOWLES
  Senior Trial Counsel
STEPHEN M. PEZZI
  Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: 202-305-8576
Email: stephen.pezzi@usdoj.gov

ADAM R. SMART
Assistant United States Attorney
USA No. 195
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7588
Email: adam.smart@usdoj.gov

*Counsel for the Federal Defendants*

4

**CERTIFICATE OF SERVICE**

Although Plaintiff is proceeding *pro se*, he has been authorized by the Court to use the CM/ECF system. ECF No. 14. Accordingly, Plaintiff will receive service of this filing through the CM/ECF system.

/s/ *Stephen M. Pezzi*
STEPHEN M. PEZZI
Trial Attorney
United States Department of Justice