# EXHIBIT 1

5596448.1

**From:** Lucas Wall <lucas.wall@yahoo.com>
**Sent:** Monday, September 6, 2021 7:59 AM
**To:** Gerber, Dan; Culley, Sally; Delaney, Patrick; Hill, Suzanne
**Subject:** Wall v. CDC -- Discovery Request for GOAA Documents

Dear counsel:

Unless your client, Greater Orlando Aviation Authority ("GOAA"), agrees to quickly enter into a consent decree to immediately terminate its mask mandate for all passengers at Orlando International Airport and/or file a cross-claim against the Federal Defendants, my position is that discovery is now available since this case is exempt from a Case Management Report and scheduling order.

Therefore, I issue this discovery request pursuant to Fed.R.Civ.P. 34 for documents necessary to prove my claims in the Complaint that GOAA illegally established and enforces a mask mandate.

I request production of the following documents, preferably in electronic PDF format:

1. A timeline of GOAA's establishment of a mask mandate, supported by documents requested below. When did GOAA first adopt a mask mandate? Who adopted it? What legal authority was cited for the mask mandate? Was it approved by the board of directors? How has the mask mandate changed, if at all, since its original adoption? What date did GOAA first place signs on airport property indicating it was enforcing a mask mandate? What date, if any, were these signs changed to reflect a new policy about masks? Please include other key dates such as enforcement guidance issued to GOAA personnel, etc.

2. All documents including but not limited to memorandums, notes, minutes, call transcripts, and lists of meeting dates and attendees (in person, telephone, videoconference, and other forms of meetings) concerning any GOAA mask mandate, proposed mask mandate, and consideration of exemptions for passengers with disabilities who can't tolerate covering their sources of oxygen. Please identify all participants in these meetings, calls, videoconferences, etc. by name, title, and organization represented if not GOAA.

3. All documents similar to those enumerated in #2 related to GOAA's consultation with disability-rights advocates, both individuals and organizations, concerning mask requirements. Please identify all participants in these consultations by name, title, and organization represented (or self for individuals).

4. All reports received by GOAA from its employees, passengers, airline tenants and employees, car-rental tenants and employees, retail/restaurant tenants and employees, other tenants and employees, and all others in 2020 and 2021 concerning alleged passenger and employee violations of the mask mandate. Please indicate at minimum name of complainant; name and contact information (mailing address, e-mail address, and/or telephone number) of passenger or employee alleged to be in violation; date and location of incident; description of incident; and what action GOAA took on the complaint (also specify whether GOAA reported the incident to the Transportation Security Administration for all complaints received on Feb. 1, 2021, and thereafter).

5. All documents received by GOAA in 2020 and 2021 concerning passengers complaining about GOAA's mask requirement. Include all contact information provided by the complainant such as mailing address, e-mail address, and/or telephone number. Include all correspondence GOAA sent to the complainant.

6. The current version of GOAA's mask mandate including date approved by the board of directors.

7. All documents concerning GOAA's communication of its mask mandate to its employees and tenants including enforcement guidance and training.

8. All documents concerning GOAA's policies on accommodating passengers with disabilities including but not limited to notices issued to its employees and tenants on how to address passengers who can't medically tolerate wearing a face covering.

9. All documents related to GOAA's compliance with Fla. Stat. § 252.38(4)(c) including but not limited to the date upon

1

which GOAA's board of directors first approved an emergency mask mandate pursuant to this statute; the dates upon which GOAA's board of directors renewed the emergency mask mandate (at least every seven days pursuant to the statute); the date upon which the emergency mask mandate expires (not to exceed 42 days from date of first enactment pursuant to the statute); and all memorandums, notes, minutes, call transcripts, and lists of meeting dates and attendees (in person, telephone, videoconference, and other forms of meetings) related to all board actions taken pursuant to emergency mask mandates adopted pursuant to the statute.

Rule 34 requires a response within 30 days. If you believe it will take more than 30 days to produce the requested documents and information, please provide an estimate of how long it's expected for GOAA to comply. Thank you.

Pursuant to Fed.R.Civ.P. 26(g), I certify that to the best of my knowledge, information, and belief formed after a reasonable inquiry that this request is: A) consistent with the rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; B) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and C) neither unreasonable nor unduly burdensome or expensive.

/s/ Lucas Wall
Lucas Wall, plaintiff
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com