# EXHIBIT 2

5596448.1

**From:** Lucas Wall <lucas.wall@yahoo.com>
**Sent:** Monday, September 6, 2021 7:46 AM
**To:** Wood, David (Ptnr-Orl) <david.wood@akerman.com>; Kovecses, Monica (Assoc-Orl) <monica.kovecses@akerman.com>
**Subject:** Wall v. CDC -- Discovery Request for LYNX Documents

Dear Mr. Wood and Ms. Kovecses:

Unless your client, Central Florida Regional Transportation Authority (d/b/a "LYNX"), agrees to quickly enter into a consent decree to immediately terminate its mask mandate for all passengers and/or file a cross-claim against the Federal Defendants, my position is that discovery is now available since this case is exempt from a Case Management Report and scheduling order.

Therefore, I issue this discovery request pursuant to Fed.R.Civ.P. 34 for documents necessary to prove my claims in the Complaint that LYNX illegally established and enforces a mask mandate on its passengers.

I request production of the following documents, preferably in electronic PDF format:

1. A timeline of LYNX's establishment of a mask mandate, supported by documents requested below. When did LYNX first adopt a mask mandate? Who adopted it? What legal authority was cited for the mask mandate? Was it approved by the board of directors? How has the mask mandate changed, if at all, since its original adoption? What date did LYNX first place placards on the sides of buses indicating it was enforcing a mask mandate? Please include other key dates such as enforcement guidance issued to LYNX bus drivers and other personnel, etc.

2. All documents including but not limited to memorandums, notes, minutes, call transcripts, and lists of meeting dates and attendees (in person, telephone, videoconference, and other forms of meetings) concerning any LYNX mask mandate, proposed mask mandate, and consideration of exemptions for passengers with disabilities who can't tolerate covering their sources of oxygen. Please identify all participants in these meetings, calls, videoconferences, etc. by name, title, and organization represented if not LYNX.

3. All documents similar to those enumerated in #2 related to LYNX's consultation with disability-rights advocates, both individuals and organizations, concerning mask requirements. Please identify all participants in these consultations by name, title, and organization represented.

4. All reports received by LYNX via its employees, customers, and others in 2020 and 2021 concerning alleged passenger violations of the mask mandate. Please indicate at minimum name of complainant; name and contact information (mailing address, e-mail address, and/or telephone number) of passenger alleged to be in violation; date and location of incident (include bus route number if aboard a bus); description of incident; and what action LYNX took on the complaint (also specify whether LYNX reported the incident to the Transportation Security Administration for all complaints received on Feb. 1, 2021, and thereafter).

5. All documents received by LYNX in 2020 and 2021 concerning passengers complaining about LYNX's mask requirement. Include all contact information provided by the complainant such as mailing address, e-mail address, and/or telephone number.

6. The current version of LYNX's Riders Code of Conduct including date approved by the board of directors.

7. If not included in the current Riders Code of Conduct, a memorandum from the board of directors as to why the mask mandate is not included.

8. All documents concerning LYNX's communication of its mask mandate to bus drivers and other employees including enforcement guidance and training.

9. All documents concerning LYNX's policies on accommodating passengers with disabilities including but not limited to notices issued to passengers and training memos sent to bus drivers and other LYNX employees on how to address passengers who can't medically tolerate wearing a face covering.

10. All documents related to LYNX's compliance with Fla. Stat. § 252.38(4)(c) including but not limited to the date upon which LYNX's board of directors first approved an emergency mask mandate pursuant to this statute; the dates upon which LYNX's board of directors renewed the emergency mask mandate (at least every seven days pursuant to the statute); the date upon which the emergency mask mandate expires (not to exceed 42 days from date of first enactment pursuant to the statute); and all memorandums, notes, minutes, call transcripts, and lists of meeting dates and attendees (in person, telephone, videoconference, and other forms of meetings) related to all board actions taken pursuant to emergency mask mandates adopted pursuant to the statute.

Rule 34 requires a response within 30 days. If you believe it will take more than 30 days to produce the requested documents and information, please provide an estimate of how long it's expected for LYNX to comply. Thank you.

Pursuant to Fed.R.Civ.P. 26(g), I certify that to the best of my knowledge, information, and belief formed after a reasonable inquiry that this request is: A) consistent with the rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; B) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and C) neither unreasonable nor unduly burdensome or expensive.

/s/ Lucas Wall
Lucas Wall, plaintiff
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com