# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LUCAS WALL,**

       **Plaintiff,**

v.                                              Case No: 6:21-cv-975-PGB-DCI

**CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF TRANSPORTATION, JOSEPH BIDEN, GREATER ORLANDO AVIATION AUTHORITY and CENTRAL FLORIDA REGIONAL TRANSPORTATION AUTHORITY,**

       **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

- Motion to Stay Discovery by Defendants Greater Orlando Aviation Authority (GOAA) and Central Florida Regional Transportation Authority (LYNX) (Doc. 153); and

- Motion for Protective Order by Defendants Centers for Disease Control and Prevention (CDC), Department of Health and Human Services (HHS), Transportation Security Administration (TSA), Department of Homeland Security (DHS), Department of Transportation (DOT), and Joseph R. Biden, Jr., in his official capacity as President of the United States of America (collectively, the Federal Defendants) (Doc. 150).

For the reasons that follow, the Motion to Stay and Motion for Protective Order are granted.

1. **<u>The Motion to Stay</u>**

In the Motion to Stay, GOAA and LYNX argue that all discovery against them should be stayed in light of their pending motions to dismiss, which they assert are case dispositive and clearly meritorious. Plaintiff disagrees, asserting, in part, that:

> Any discovery postponement and resulting delay in judgment would be of enormous consequence and prejudice to plaintiff plus all GOAA and LYNX passengers who medically can't tolerate face masks or want to exercise their right to refuse administration of an experimental medical device. We are being deprived every day of our right to use taxpayer-funded public transportation.

Doc. 154 at 3. Plaintiff also asserts that even if the motions to dismiss are granted he should be given leave to amend so the case would remain open and pending. *Id*.

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion."). A motion to stay discovery pending a ruling on a dispositive motion is generally disfavored, "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988)). The moving party bears the burden of showing good cause to stay discovery. *Feldman*, 176 F.R.D. at 652. In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits

of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Id*. at 652-53 (internal quotation marks omitted).

Here, the Court has issued a report recommending that Plaintiff's claims against GOAA and LYNX be dismissed with prejudice. Doc. 155. Thus, the undersigned has taken more than a preliminary peek, and in doing so has found that the motions to dismiss by GOAA and LYNX are both clearly meritorious and completely dispositive of the claims against them. Thus, there is good cause to stay discovery as against GOAA and LYNX. The Court notes also that Plaintiff's response—as other of his filings—appear as though Plaintiff is arguing prejudice to a class of persons, and not himself. The *pro se* Plaintiff does not—and cannot—represent the interests of other persons in this case, and his attempts to invoke claims as to a class of persons are not well-taken.

**2. The Motion for Protective Order**

In the Motion for Protective Order, the Federal Defendants seek protection from a series of written discovery requests that Plaintiff served upon them. The Federal Defendants assert that this case is an Administrative Procedure Act (APA) case in which no discovery is permitted absent "a strong showing of bad faith or improper behavior." *Marllantas, Inc. v. Rodriguez*, 806 F. App'x 864, 867 (11th Cir. 2020) (quoting *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2574 (2019)). In the alternative, the Federal Defendants argue that even if discovery were permitted, it should be stayed pending resolution of the parties' fully briefed dispositive motions. Plaintiff responds that his agreement that this case is a record-review case does not mean he conceded discovery is not appropriate.

On August 19, 2021, the parties filed a Joint Notice of Compliance with Court Order [Doc. 30] Regarding Determination of Exemption to Filing Case Management Report. Doc. 131. In that Joint Notice, the parties represented as follows:

> Plaintiff, Lucas Wall, and Defendants, Centers for Disease Control and Prevention, Department of Health and Human Services, Transportation Security Administration, Department of Homeland Security, Department of Transportation, Joseph Biden, in his official capacity as President of the United States Of America, Greater Orlando Aviation Authority, and Central Florida Regional Transportation Authority, hereby certify that, in compliance with this Court's directions in the Order dated June 17, 2021 (Doc. 30), they have consulted Local Rule 3.02 and conferred with each other, and have determined that this action falls under the exception in Local Rule 3.02(d)(2): an **action for review on an administrative record** that is not under the Employee Retirement Income Security Act of 1974. Accordingly, pursuant to Local Rule 3.02(a), **no case management conference or case management report is required of the parties at this time**.

Doc. 131.

Thus, it appears that all parties agree this case is an action for review of an administrative record. As such, discovery is limited. *See, e.g.*, *Marllantas*, 806 F. App'x at 867. If a party seeks discovery—or the issuance of a case management report governing discovery—that party must file a motion seeking authorization to conduct discovery in this case. More basically, though, no discovery may proceed in any civil case unless and until the parties have conducted a case management conference. *See* Fed. R. Civ. P. 26(f).[1] Here, the parties chose not to conduct a case management conference at the outset of this litigation, so discovery is not open in this case. Further, as the undersigned explained in the report recommending the Federal Defendants' motion to dismiss be granted in part, that motion to dismiss was clearly meritorious (in part) and entirely dispositive of claims against certain of the Federal Defendants. Thus, this is another reason to stay

---

[1] This is also an alternative reason to grant the Motion to Stay by GOAA and LYNX.

discovery and issue a protective order—at least unless and until discovery is permitted to go forward.

### 3. Conclusion

Accordingly, it is **ORDERED** that the Motion to Stay and the Motion for Protective Order are **GRANTED**.  All discovery in this case is **STAYED**.

**ORDERED** in Orlando, Florida on October 7, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE