# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LUCAS WALL,**

          **Plaintiff,**

v.                                   Case No: 6:21-cv-975-PGB-DCI

**CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, TRANSPORTATION SECURITY ADMINISTRATION, DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF TRANSPORTATION, JOSEPH R. BIDEN, JR. , GREATER ORLANDO AVIATION AUTHORITY and CENTRAL FLORIDA REGIONAL TRANSPORTATION AUTHORITY,**

          **Defendants.**
_____/

## ORDER

This cause is before the Court on Plaintiff Lucas Wall's Motion to Vacate the Magistrate Judge's Order Striking Notice of Supplemental Authority (Doc. 144 (the "**Objection**")), filed August 28, 2021. Upon consideration, the Objection is overruled.

As is relevant here, Plaintiff filed a Notice of Supplemental Authority in support of his Motion for Summary Judgment on August 27, 2021. (Doc. 140).

Magistrate Judge Irick struck Plaintiff's Notice of Supplemental Authority on the same day, stating:

> If a party deems it appropriate to alert the Court to a new legal authority by filing a notice of supplemental authority, it may do so by filing only the citation to the new legal authority. Plaintiff has filed a number of notices that go beyond such a citation and—in conjunction with each other and the filing they purport to supplement—constitute violations of the Court's local rules concerning page limitations. See, e.g., Docs. 99, 107, 109, 108, 140. Any further notices that contain such commentary will be stricken and the filer may be subject to sanctions.

(Doc. 141 (the "**Order**")). Plaintiff now requests the Court to vacate Magistrate Judge Irick's Order and to reinstate his Notice of Supplemental Authority, arguing that Magistrate Judge Irick "misapplied" Local Rule 3.01(i). (Doc. 144).

Federal Rule of Civil Procedure 72(a) authorizes a district court reviewing a litigant's objection to a magistrate judge's non-dispositive order to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *see also Howard v. Hartford Life & Accident Ins. Co.*, 769 F. Supp. 2d 1366, 1372 (M.D. Fla. 2011). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case

law or rules of procedure.'" *Id.* (quoting *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1326–27 (M.D. Fla. 2011)).

Here, Local Rule 3.01(i) provides:

> After filing a legal memorandum but before a decision, a party identifying a supplemental authority that is not merely cumulative may file—without argument or comment—a notice of supplemental authority that contains only:
>
> (1)  a citation of the authority;
>
> (2)  a specification by page, paragraph, and line of the issue or argument in the earlier paper that the authority supplements; and
>
> (3)  a succinct quotation from the authority.
>
> The notice must not include a copy of the authority unless the authority is not readily available and must not exceed two pages inclusive of all parts.

Plaintiff contends that: (1) "The magistrate's Order is clearly erroneous because it states a party may file 'only the citation' but ignores Clauses 2 & 3 of Local Rule 3.01(i)"; (2) each of his numerous Notices of Supplemental Authority comply with the two-page limit; and (3) "The magistrate's Order seems to object that [he has] filed too many Notices of Supplemental Authority pursuant to Rule 3.01(i) . . . But there is no limit in the Local Rule on the number of such notices that may be submitted." (*Id.* at p. 2).

First, Magistrate Judge Irick did not ignore the second and third requirements for a Notice of Supplemental Authority. The use of the conjunctive "and" means Plaintiff must satisfy all three of these conditions to properly file a

3

Notice of Supplemental Authority, and Magistrate Judge Irick's Order properly notes that the instant Notice of Supplemental Authority fails the first one. Rather than simply citing the authority, Plaintiff provides long excerpts from the case, without specifying the page, paragraph, and line of the argument in the Motion for Summary Judgment that these excerpts supplement. (Doc. 140). Consequently, even though Magistrate Judge Irick only explicitly references the first requirement, it is clear that Plaintiff's Notice of Supplemental Authority fails to comply with second and third requirements, too.

Moreover, the primary issue with Plaintiff's filing is the inclusion of "*commentary*." (Doc. 141) (emphasis added). In the instant Notice of Supplemental Authority, Plaintiff states, "The Supreme Court last night struck down Defendant CDC's Eviction Moratorium, which is based on the same statute and regulations as the two orders (FTMM and ITTR) I challenge." (Doc. 140, p. 1). In the following paragraphs, Plaintiff: (1) bolds and capitalizes the words "Counts 4 & 22" and then proffers a 14-line quotation; (2) bolds and capitalizes the words "Count 6" and then proffers a three-line quotation; and (3) bolds and capitalizes the word "Generally" and then proffers a seven-line quotation, with the sentence "But our system does not permit agencies to act unlawfully even in pursuit of desirable ends" in bold italics.[1] (*Id.* at pp. 1–2). Local Rule 3.01(i) clearly prohibits

---

[1] Plaintiff appears to reference certain causes of action in his Complaint here. However, Local Rule 3.01(i) requires "a specification by page, paragraph, and line of the issue or argument in the earlier paper that the authority supplements." The Notice of Supplemental Authority not only fails to specify a page, paragraph, or line, but it also fails to cite to "the earlier paper that the authority supplements," Plaintiff's Motion for Summary Judgment.

such "argument or comment." Therefore, the Notice of Supplemental Authority goes beyond merely citing to the authority, specifying the supplemented issue or argument, and succinctly quoting the authority.

Accordingly, Plaintiff's Notice of Supplemental Authority also violates the 25-page limitation for Motions under Local Rule 3.01(a). In other words, because Plaintiff's Notice of Supplemental Authority does not merely *identify* a relevant case but rather *comments* on that case, the filing impermissibly adds pages to his Motion for Summary Judgment. Thus, even though the Notice of Supplemental Authority complies with Local Rule 3.01(i)'s two-page limit, it must comply with the *entirety* of Local Rule 3.01(i) to constitute a proper filing.

Next, it is true that there is no specific limit on the number of Notices of Supplemental Authority a litigant can file under Local Rule 3.01(i). However, Local Rule 3.01(i) bars such filings that are "merely cumulative." Magistrate Judge Irick does not go as far as to characterize Plaintiff's filings as "merely cumulative" in his Order. Instead, he points out that some of Plaintiff's other Notices of Supplemental Authority also suffer from the defects outlined above.[2] Nonetheless, Plaintiff should take note that he does not necessarily have carte blanche to file Notices of Supplemental Authority under the Local Rules.

---

[2] For example, Plaintiff's Notice of Supplemental Authority in support of his Motion to Dismiss, filed on July 24, 2021, states: "That preliminary injunction order has now been upheld by the 11th Circuit pending appeal, signaling to this Court that the appellate tribunal will view other CDC COVID-19 pandemic orders issued beyond the agency's constitutional, statutory, and regulatory authority with great skepticism. This Court should grant the pending Motion for Summary Judgment." (Doc. 99, p. 2). This is impermissible commentary.

5

Finally, the Court notes that Plaintiff filed a Notice Requesting Immediate Ruling on the Unopposed Motion to Vacate (Doc. 152) on September 28, 2021. Plaintiff complains that a month elapsed without a ruling from the Court on the instant Objection. (*Id.*). This filing is completely inappropriate. Plaintiff's case is not the only action on the Court's docket, and Plaintiff does not dictate how the Court manages its caseload. Going forward, the Court will immediately strike any further filings of this impertinent nature and may impose other fitting sanctions on Plaintiff.

For these reasons, the Court **OVERRULES** Plaintiff's Motion to Vacate the Magistrate Judge's Order Striking Notice of Supplemental Authority (Doc. 144) and **AFFIRMS** Magistrate Judge Irick's Order Striking the Notice of Supplemental Authority (Doc. 141).

**DONE AND ORDERED** in Orlando, Florida on October 19, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties