UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUCAS WALL,

        Plaintiff,

v.

CENTERS FOR DISEASE
CONTROL AND PREVENTION,
*et al.*,

        Defendants.

Case No. 6:21-cv-975-PGB-DCI

**FEDERAL DEFENDANTS' MOTION TO STRIKE**

Federal Defendants move to strike Plaintiff's Objections to the Magistrate Judge's Report & Recommendation, ECF No. 162, without prejudice to refiling in compliance with the Local Rules, because Plaintiff's 55-page filing exceeds the page limits set forth in Local Rule 3.01. As good cause for this request, Federal Defendants offer the following:

    1.    On October 7, 2021, the Honorable Daniel C. Irick issued a 21-page Report & Recommendation. ECF No. 155.

    2.    On October 21, 2021, Plaintiff filed objections to the Report & Recommendation. ECF No. 162. Plaintiff's objections brief is 55 pages long.

    3.    The Local Rules do not contemplate the filing of 55-page legal memoranda. Instead, pursuant to Local Rule 3.01—titled "Motions and Other Legal

Memorandums"—substantive filings are generally limited to either 20 or 25 pages. *See* Local Rule 3.01(a) ("A motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."); Local Rule 3.01(b) ("A party responding to a motion may file a legal memorandum no longer than twenty pages inclusive of all parts.").

4. There does not appear to be a Local Rule that explicitly addresses the length of objections to a Report & Recommendation. Accordingly, the 20-page limit in Local Rule 3.01(b) for a "response" applies. *See, e.g.*, *Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-6006-GAP-EJK, Dkt. 117 (M.D. Fla. June 21, 2016) ("The Objection is also due to be stricken because it exceeds the 20 page limitation established by M.D. Fla. 3.01(b).").

5. Even if an objection to a Report & Recommendation were analogized to a "motion," then the 25-page limit of Local Rule 3.01(a) would apply, and Plaintiff's filing would still have been 30 pages over the limit. *See, e.g.*, *Barr v. One Touch Direct*, No. 8:15-cv-2391-VMC-MAP, 2017 WL 1023378, at *1 (M.D. Fla. Mar. 16, 2017) ("The objection, however, violated Local Rule 3.01(a) because it was comprised of more than a single filing and exceeded twenty-five pages in length.").

6. Federal Defendants' understanding is that Plaintiff's position is that because the page limits in Local Rule 3.01 mention a "motion" or a "response," there is *no* page limit for "objections" to a Report & Recommendation. But if that were correct, then a party could file, say, a 155-page brief objecting to a Report

& Recommendation. Indeed, there would be no page limits for *any* filings in this District other than those explicitly captioned as a "motion" or a "response." That position is untenable as a practical matter, and inconsistent with local practice. It is also inconsistent with the title of the rule, which governs "Motions and Other Legal Memorandums." Plaintiff's 55-page filing was an "other legal memorandum," and thus exceeded the page limits set forth in Local Rule 3.01 by at least 30 pages.

7. As this Court held earlier in this litigation, "[a] trial court has the inherent power to impose sanctions for a party's failure to comply with court orders or the Federal Rules of Civil Procedure." Order, ECF No. 55 (quoting *Harris Corp. v. Fed. Express Corp.*, 2010 WL 11474444, at *1 (M.D. Fla. Mar. 3, 2010) (citing *Zocaras v. Castro*, 465 F.3d 479, 490 (11th Cir. 2006)). "When faced with such a violation, '[t]he Court may, among other things, strike a non-compliant motion or other filing.'" *Id.* (citing *Jones v. United Space Alliance*, LLC, 170 Fed. App'x 52, 57 (11th Cir. 2006) (district court did not abuse its discretion in striking a motion that violated local rules)).

8. Plaintiff would not be prejudiced by enforcement of the page limits in Local Rule 3.01, as 20 pages is more than sufficient to object to the Report & Recommendation, which itself was only 21 pages long, and primarily focused on threshold and procedural matters that are unrelated to the merits of this case. On the other hand, Federal Defendants would be prejudiced by having to file a 20-page response to Plaintiff's 55-page filing. Enforcing the Local Rules will also promote efficiency and judicial economy—both by incentivizing compliance with the Local Rules, and also by requiring Plaintiff to refile a shorter brief that will presumably

include less discussion of extraneous and irrelevant material, which currently comprises a significant portion of Plaintiff's 55-page filing.

9. Accordingly, Federal Defendants move to strike Plaintiff's objections to the Report & Recommendation, ECF No. 162, without prejudice to refiling in compliance with the page limits set forth in Local Rule 3.01.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), on October 25th and 26th, counsel for the Federal Defendants conferred by email with all other parties or their counsel. Counsel for Defendants Greater Orlando Aviation Authority and Central Florida Regional Transportation Authority each reported that they do not oppose the relief requested in this motion. Plaintiff reported that he opposes the relief requested in this motion.

Dated: October 26, 2021        Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

KARIN HOPPMANN
Acting United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

By: */s/ Stephen M. Pezzi*
    MARCIA K. SOWLES
      Senior Trial Counsel
    STEPHEN M. PEZZI
    ANDREW F. FREIDAH
      Trial Attorneys
    United States Department of Justice
    Civil Division
    Federal Programs Branch
    1100 L Street NW
    Washington, DC 20005
    Telephone: 202-305-8576
    Email: stephen.pezzi@usdoj.gov

*Counsel for the Federal Defendants*

## CERTIFICATE OF SERVICE

Although Plaintiff is proceeding *pro se*, he has been authorized by the Court to use the CM/ECF system. ECF No. 14. Accordingly, Plaintiff (along with counsel for all other parties) will receive service of this filing through the CM/ECF system.

*/s/ Stephen M. Pezzi*
STEPHEN M. PEZZI
Trial Attorney
United States Department of Justice
