# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL,** | : |
| Plaintiff, | : Case No. 6:21-cv-975-PGB-DCI |
| v. | : District Judge Paul Byron |
| **CENTERS FOR DISEASE CONTROL & PREVENTION** *et al.* | : Magistrate Judge Daniel Irick |
| Defendants. | : |

## PLAINTIFF'S OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO STRIKE

COMES NOW plaintiff, *pro se*, and opposes the Federal Defendants' Motion to Strike, filed Oct. 26. Doc. 163. The motion should be denied because there is no rule permitting a motion to strike objections to a magistrate's Report & Recommendation ("R&R"), the Local Rules do not contain a page limit for objections, a plaintiff's objections are not limited by statute and can't be restrained due to 11th Circuit rules, limiting my objections would be extremely prejudicial, and forcing me to refile objections would cause yet another delay to this case – which has already dragged on for five months despite the Supreme Court's and 11th Circuit's clear direction that Defendant Centers for Disease Control & Prevention's pandemic orders exceed the agency's statutory authority.

1

# ARGUMENT

### A. There is no rule permitting a motion to strike objections to a magistrate's Report & Recommendation.

The Federal Defendants' motion is procedurally deficient because neither the Federal Rules of Civil Procedure nor the Local Rules authorize a motion to strike a response to an R&R. Fed.R.Civ.P. 11(f) allows a motion to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A response to an R&R is not a pleading. There are only seven types of pleadings defined in Fed.R.Civ.P. 7(a). Also, Fed.R.Civ.P. 14(a)(4) allows a motion "to strike the third-party claim, to sever it, or to try it separately." The Local Rules do not contain the word "strike."

The Federal Defendants identify no authority for making their motion. Because the rules permit motions to strike only in two instances that don't apply to the instant matter, the Court should deny the motion.

### B. The Local Rules do not contain a page limit for objections.

Given the prior entanglements regarding page limits in this case (Docs. 9, 10, 33, 36, 48, 55, 103-105, 133, 137, etc.), the Court is assured I studied the Federal Rules of Civil Procedure and the Local Rules carefully before drafting my objections to the R&R. It's obvious no federal or local rule sets a page maximum for a response to an R&R.

Yet the Federal Defendants try to invent one by wrongly asserting that "The Local Rules do not contemplate the filing of 55-page legal memoranda." Doc. 163 at

1. The Federal Defendants attempt to revise Local Rule 3.01 by adding words that do not appear there, claiming that "substantive filings are generally limited to 20 or 25 pages." *Id.* at 2. Yet as they quote, Local Rule 3.01(a) applies to "LENGTH AND CONTENT OF A MOTION." Objections to an R&R are not a motion.

They then argue that Local Rule 3.01(b) somehow applies. But his rule states: "A party responding to a motion may file a legal memorandum no longer than 20 pages inclusive of all parts." Objections to an R&R are not a response to a motion, so again this rule doesn't apply.

The Federal Defendants admit: "There does not appear to be a Local Rule that explicitly addresses the length of objections to a Report & Recommendation." *Id.* at 2. But then they pull out of thin air an argument that "Accordingly, the 20-page limit in Local Rule 3.01(b) for a 'response' applies." *Id.* But objections to an R&R are not a "response" of any kind, let alone a "A party responding to a motion…" There is no conceivable reading of Local Rule 3.01(b) that can equate objections to an R&R to a motion response. Among other reasons, an R&R is issued by a magistrate judge whereas a motion is made by a party.

Federal Defendants then try to "analogize[] objections to an R&R to a 'motion,'" so that "the 25-page limit of Local Rule 3.01(a) would apply…" *Id.* But in no way do objections to an R&R equate a motion. The Federal Defendants cite a case where a single objection was presented in multiple filings. But that has no relevance to the issue at bar. I presented my numerous objections in one filing. The plain language of Local Rules 3.01(a)-(b) only apply to motions and responses thereto.

Under the Federal Defendants' convoluted logic, Local Rule 3.01 would limit a pleading to 20-25 pages. Likewise, their argument could be stretched to limit a Court's Memorandum Opinion to 20 pages as such a document responds to a motion. But the Local Rules do not establish a page limit for pleadings, Court orders, or Memorandum Opinions. Taken literally, the Federal Defendant's argument would mean the magistrate himself violated the Local Rules because his R&R "responding" to motions was 21 pages, one longer than the 20 mentioned in Local Rule 3.01(b).

It's true, as the Federal Defendants note, that Local Rule 3.01 is titled "Motions & Other Legal Memorandums." The rule has four relevant parts regarding page limits: (a) 25 pages for a motion; (b) 20 pages for a response to a motion; (d) seven pages for a reply to an opposition to a motion for summary judgment; and (i) two pages for a notice of supplemental authority. The "Other Legal Memorandums" specified in Local Rule 3.01 are only a response to a motion, a reply to an opposition to a motion for summary judgment, and a notice of supplemental authority. If the Middle District of Florida wanted to include a page limit for objections to an R&R, it would have listed it in the rule. Despite all of the Federal Defendants' efforts to bend, twist, and stretch the words to their advantage, the plain meaning controls. Objections to an R&R are not listed under "Other Legal Memorandums."

The Motion to Strike should be denied as the Federal Defendants, nor the Court, are permitted to insert words into the Local Rules that simply do not exist.

**C. The rules don't limit the number of pages for objections to an R&R because a party's objections are not limited by statute, yet failing to object in this circuit results in forfeiture of assignments of error on appeal.**

The Local Rules can't limit the number of pages for objections to an R&R because, at least in this circuit, "A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1…" Doc. 155 at 21.

> "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object." 11th Cir. R. 3-1.

Under the Federal Defendants' misreading of Local Rule. 3.01, a party would be limited in the number of objections it could make to an R&R based on what would squeeze into 20-25 pages. But that position is untenable as a party must file timely, specific, and legally supported objections to preserve its arguments should the case be appealed to the 11th Circuit.

Furthermore, the statute governing R&Rs does not permit limiting the number of objections: "Within 14 days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations…" 28 USC § 636(b)(1)(C).

**D. Limiting my objections would be extremely prejudicial and contrary to statute.**

The Federal Defendants contend "Plaintiff would not be prejudiced by enforcement of the page limits in Local Rule 3.01, as 20 pages is more than sufficient to object to the Report & Recommendation…" Doc. 163 at 3. Nothing could be farther from the truth. First, as argued *supra*, Local Rule 3.01 contains no page limit for objections to an R&R, and such objections are not limited by statute, nor may they be limited under 11th Circuit rules due to the forfeiture provision. Second, I would be extremely prejudiced by the Court enforcing a nonexistent page limit. This would force me to reduce my 55 pages of arguments to 20-25 pages, making me cut more than half of my objections. If I tried to fit in all 22 objections, the Federal Defendants' invention of a 20-page rule would leave me less than one page to argue each objection. This does not comport with guidance that a party must file specific and legally supported objections to preserve its appellate rights. Forcing me to rewrite my objections by slashing near two-thirds of them would not only entail a massive and unnecessary expenditure of time, it would greatly prejudice my ability to properly raise objections to the district judge and preserve them for any possible appeal.

If I deemed 20 pages "more than sufficient to object" to the R&R, then obviously I would have written that many. But given the enormous number of objectionable findings of fact and conclusions of law contained in the R&R – and after careful study of the rules to determine no page limit applied – I wrote my objections as

needed. Given I made 22 objections, an average of 2½ pages per section is hardly excessive.

The Federal Defendants complain that they "would be prejudiced by having to file a 20-page response to Plaintiff's 55-page filing." Doc. 163 at 3. But yet again, they invent a page number that doesn't exist in the Local Rules. There is no page limit listed for a response to objections to an R&R. Local Rule 3.01(b) applies only to "A party responding to a motion." Clearly objections to an R&R can in no way be deemed "a motion." The Federal Defendants may file a response to my objections using as many pages as they deem necessary, therefore they suffer no prejudice.

The Federal Defendants' gripe should actually be directed at the magistrate. Had his R&R addressed the merits of the case on all counts – not just the ones he wants to dismiss with prejudice – my objections would have certainly been fewer.

**E. The Court should not accommodate the Federal Defendants' attempt to further delay resolution of this case on the merits.**

If the Federal Defendants truly want to "promote efficiency and judicial economy" (Doc. 163 at 3), they should have filed objections to the R&R demanding the district judge decide all counts of the Complaint on their merits rather than forcing me to amend and starting the case over again, which would cause months of additional, unnecessary work for the Court, the defendants, and myself only to eventually reach the same result.

The Federal Defendants are not actually concerned with efficiency and judicial economy. They are concerned the Supreme Court and 11th Circuit have issued rulings leaving no question that they exceeded their constitutional and statutory authority by requiring – without congressional authorization – transportation passengers to wear masks and international travelers coming into the United States be tested for COVID-19 before boarding a flight. Thus, the Federal Defendants' true concern, as witnessed by this meritless motion and its conduct of this litigation from the start, is to provoke as many delays as possible to postpone the inevitable: having both the Federal Transportation Mask Mandate and International Traveler Testing Requirement vacated. It's telling they did not file objections to the R&R asking the district judge to resolve all counts on the merits. If the government had confidence it would prevail, it would make sense to ask for an immediate determinations so they could celebrate victory. Only when a party has a strong sense its arguments can't hold up does it seek delay after delay – as the Federal Defendants have done throughout this case. *See, e.g.*, Docs. 48, 86, 96, & 133.

The Court should deny the Motion to Strike and compel all defendants to comply with Fed.R.Civ.P. 72(b)(2): "A party may respond to another party's objections within 14 days after being served with a copy." The Federal Defendants (as well as the two Local Defendants) have until Nov. 4 to file a response to my objections to the R&R. Any delay would be detrimental to the district judge's ability to resolve all counts of the Complaint in a timely and just manner.

Respectfully submitted this 1st day of November 2021.

*Lucas Wall*
Lucas Wall, plaintiff
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com