## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**LUCAS WALL,**

        **Plaintiff,**

**v.**                                            **Case No: 6:21-cv-975-PGB-DCI**

**CENTERS FOR DISEASE
CONTROL & PREVENTION,
DEPARTMENT OF HEALTH &
HUMAN SERVICES,
TRANSPORTATION SECURITY
ADMINISTRATION,
DEPARTMENT OF HOMELAND
SECURITY, DEPARTMENT OF
TRANSPORTATION, JOSEPH
R. BIDEN, JR. , GREATER
ORLANDO AVIATION
AUTHORITY and CENTRAL
FLORIDA REGIONAL
TRANSPORTATION
AUTHORITY,**

        **Defendants.**

_____/

## <u>ORDER</u>

This cause is before the Court on Defendants Centers for Disease Control and Prevention, Department of Health and Human Services, Transportation Security Administration, Department of Transportation, Department of Homeland Security, and Joseph R. Biden, Jr.'s (hereinafter, the "**Federal Defendants**") Motion to Strike. (Doc. 163 (the "**Motion**")). Plaintiff Lucas Wall responded in opposition. (Doc. 164). Upon consideration, the Motion is granted.

On October 7, 2021, Magistrate Judge Irick issued a Report and Recommendation (Doc. 155 (the "**Report**")) on the following filings: Defendant Greater Orlando Aviation Authority's Motion to Dismiss (Doc. 49); Defendant Central Florida Regional Transportation Authority's Motion to Dismiss (Doc. 82); Plaintiff's Motion for Summary Judgment (Doc. 83); and the Federal Defendants' Motion to Dismiss, Cross Motion for Summary Judgment, and Opposition to Plaintiff's Motion for Summary Judgment (Doc. 125) (collectively, the "**Original Motions**"). Plaintiff objected to the Report, submitting a 55-page brief in support of his position. (Doc. 162 (the "**Objections**")).

On October 26, 2021, the Federal Defendants filed the instant Motion, arguing that the Court should strike Plaintiff's Objections without prejudice as a violation of Local Rule 3.01's page limit. (Doc. 163). Plaintiff counters that: (1) neither the Federal Rules of Civil Procedure nor the Local Rules allow the Court to strike his Objections; (2) Local Rule 3.01's page limit do not apply to his Objections; (3) 28 U.S.C. § 636(b)(1) does not impose page limit on his Objections, and therefore the Court should not impose one, particularly as Plaintiff's failure to object to any of Magistrate Judge Irick's factual findings or legal conclusions, and the Court's subsequent adoption of those findings and conclusions, would waive his ability to challenge them on appeal under Eleventh Circuit Rule 3-1[1]; and (4)

---

[1] "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the

enforcement of Local Rule 3.01's page limit would prejudice Plaintiff and delay this case. (Doc. 164).

First, the Court has the authority to strike Plaintiff's Objections as incident to its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *see also Fisher v. Whitlock*, 784 F. App'x 711, 712 (11th Cir. 2019) (per curiam)[2] (affirming the district court's order striking the *pro se* plaintiff's motion for reconsideration pursuant to the district court's inherent power "to manage its docket and curb vexatious litigation"); *Jones v. United Space All., L.L.C.*, 170 F. App'x 52, 57 (11th Cir. 2006) (affirming the district court's order striking the *pro se* plaintiff's motion for reconsideration as a violation of its local rules and stating that the Eleventh Circuit gives great deference to the district court's interpretation of its local rules); *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244 (11th Cir. 2009) (stating that federal courts' "well-established" inherent powers "are not governed by rule or by statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

---

consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

[2]   "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

Second, Local Rule 3.01, titled "Motions and Other Legal Memorandums," establishes a 20-page limit for a response to a motion, and this 20-page limit applies to Plaintiff's Objections because they constitute "Other Legal Memorandums" synonymous to a response. *Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-6006, 2016 WL 3406409, at \*1 (M.D. Fla. June 21, 2016) (striking the plaintiff's objections for exceeding Local Rule 3.01's 20-page limit). In other words, the Report, similar to a motion (and, notably, even filed as a motion on the Court's docket), requires the Court to affirmatively adopt or reject Magistrate Judge Irick's recommendations after a *de novo* review of the record, and Plaintiff's Objections, like a response, adds argument for the Court's consideration in ruling on the Report.

Plaintiff contends that application of Local Rule 3.01's page limit to his Objections would extend the page limit to the Court's orders, including Magistrate Judge Irick's 21-page Report. (*Id.* at p. 4). But Local Rule 3.01 covers "Other Legal Memorandums" akin to a "Motion," not the Court's orders, which impartially evaluate the claims and make legal determinations. As a practical matter, the Court requires flexibility to explain its decisions thoroughly. Likewise, the Report is exempt from Local Rule 3.01's page limit because it is a neutral analysis of the questions presented in this case that assists the Court's *de novo* review of the Original Motions, whereas Plaintiff's Objections further advocate his positions.

Plaintiff also argues that the only "Other Legal Memorandums" encompassed by Local Rule 3.01 are those specified in the Rule (*i.e.*, a response to

a motion, a reply, and a notice of supplemental authority). (*Id.* at p. 4). However, the term "Other Legal Memorandums" is broad, and Plaintiff's Objections are obviously "Other Legal Memorandums" as a matter of common sense.

Third, although § 636(b)(1) and Eleventh Circuit Rule 3-1 do not impose a page limit, that does not mean this Court cannot do so. In fact, the statute provides, "Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations *as provided by rules of court*," which, logically, includes the Court's Local Rules. § 636(b)(1)(C) (emphasis added). The page limit does not unduly restrict Plaintiff's ability to raise arguments in support of his case, especially as Plaintiff can move for a reasonable extension of the page limit. The Court preemptively informs Plaintiff that it is not inclined to grant an extension over 10 pages in any case, even those dealing with complicated issues of law and fact—30 pages is more than enough space to succinctly brief the Court on the disputed matters.

Finally, Plaintiff does not suffer prejudice from this decision. The Court reiterates that Plaintiff is free to refile his Objections and move for an additional 10 pages, and Plaintiff can even request a reasonable extension of time to amend if necessary. Plaintiff states that enforcement of the page limit forces him to discard over half of his 22 objections, but he also recognizes that the Report does not address the merits of his case on all counts. (Doc. 164, pp. 6–7). The Court encourages Plaintiff to prioritize the factual findings and legal conclusions

addressed in the Report as the Court has access to the Original Motions, which presumably brief the questions that the Report does not discuss.

Relatedly, this delay is essential to streamline the issues before the Court. In a prior Order, the Court explained that Local Rule 3.01's page limits maintain judicial economy, and the same rationale applies here. (Doc. 67, p. 6). By Plaintiff's logic, his Objections could be 100 pages in length (or more), and the Federal Defendants' response could be 100 pages in length (or more), requiring the Court to sift through 200 pages (or more) of unwieldly and likely cumulative briefing. The Court reiterates that Plaintiff's claims will receive due attention, but the Court has a large docket and cannot be reasonably expected to devote itself solely to this case. Any further filings exceeding Local Rule 3.01's page limits will be stricken in accordance with this Order.

For these reasons, the Court **GRANTS** the Federal Defendants' Motion to Strike. (Doc. 163). Plaintiff's Objections (Doc. 162) are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may refile his Objections in accordance with this Order on or before November 12, 2021. If Plaintiff fails to timely refile his Objections, then the Court will deem Magistrate Judge Irick's Report unopposed.

**DONE AND ORDERED** in Orlando, Florida on November 4, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties