# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL,** | |
| Plaintiff, | Case No. 6:21-cv-975-PGB-DCI |
| v. | District Judge Paul Byron |
| **CENTERS FOR DISEASE CONTROL & PREVENTION** *et al.* | Magistrate Judge Daniel Irick |
| Defendants. | |

### PLAINTIFF'S REPLY TO FEDERAL DEFENDANTS' NEWLY RAISED ARGUMENTS REGARDING AMENDED INTERNATIONAL TRAVELER TESTING REQUIREMENT

COMES NOW plaintiff, *pro se*, and replies with leave of the Court (Doc. 183) to newly raised arguments in the Federal Defendants' response (Doc. 172) to my objections (Doc. 171) to the magistrate's Report & Recommendation ("R&R") (Doc. 155). The Federal Defendants argue for the first time that because the Centers for Disease Control & Prevention ("CDC")'s International Traveler Testing Requirement ("ITTR") that I challenge in the Complaint (Doc. 1) was modified Oct. 25 and again Dec. 2 (Doc. 181), I can no longer pursue this claim. Doc. 172 at 17-19. The Court must disregard this argument because the latest version of the ITTR is substantially similar to the version I ask the Court to vacate in the Complaint. There is no need to amend my Complaint to assert a new challenge against the latest iteration of the ITTR, which took effect Dec 6.

1

**A. I have standing to contest the ITTR in its slightly altered form.**

The R&R recommends dismissing the counts of my Complaint attacking the ITTR because it claimed I didn't have an international flight booked in the future, even though I've already suffered injury numerous times by being unable to use previously purchased international airline tickets. But I have placed into evidence that I do indeed have a future flight to Germany reserved. It was booked for Dec. 1 (Doc. 162-1) and is currently set for Dec. 10. Doc. 174. As I notified the Court, "I will continue to change it every 10 days until this Court strikes down the *ultra vires* ... FTMM and ... ITTR." Doc. 173.

The Federal Defendants wrongly contend that I "can include allegations to that effect in an amended complaint, and they can be considered in the normal course." Doc. 172 at 18. Incorrect. Because I've suffered prior injuries of denied travel due to the ITTR, I already have standing to contest it. And my standing remains current anyway because I have a future ticket booked. Doc. 174. There is no need to amend my complaint to obtain standing to ask for *vacatur* of the ITTR.

**B. The amended ITTR is substantially similar to the prior version I challenge in the Complaint. Repleading is not required.**

We now move to the issue raised by the Federal Defendants in their response:

> "CDC issued an amended global testing order (effective November 8, 2021), which replaces and supersedes the order that is challenged in Plaintiffs' complaint. ... assuming that Mr. Wall intends to challenge the amended testing order, he would now need to file an amended complaint to do so, because the previous order challenged in his complaint is no longer in effect, and those claims are therefore moot." Doc. 172 at 18.

Not true. The amended ITTR effective Nov. 8 merely changed the number of days for unvaccinated airplane travelers bound for the United States to get a negative COVID-19 test before departure from three to one. The next version, effective yesterday, changes the timeframe for vaccinated travelers also from three days to one day. All other aspects of the CDC testing order remain the same.

As Defendant TSA has argued in several related cases challenging the Federal Transportation Mask Mandate ("FTMM"), three (soon to be four) versions of the mask mandate are substantially similar, a position several circuits concurred with.

> "'[S]equential regulations' are considered the 'same order' … 'if they arise from the 'same or interrelated proceedings.'' *BASF Wyandotte Corp. v. Costle*, 582 F.2d 108, 112 (1st Cir. 1978) (citation omitted); *see also Nat. Res. Def. Council, Inc. v. U.S. EPA*, 673 F.2d 392, 399 (D.C. Cir. 1980) (per curiam); *Westinghouse Elec. Corp. v. U.S. Nuclear Regul. Comm'n*, 598 F.2d 759, 767 (3d Cir. 1979)." *Faris v. TSA*, No. 21-3951 (6th Cir. Nov. 9, 2021).

Were the Court to accept CDC's argument that a slightly modified ITTR moots my challenge, the government could defeat any lawsuit against any order by changing a few words and issuing a "new" mandate, requiring a plaintiff to amend his complaint, triggering a modified order, and then never-ending repetition. The government can't avoid Administrative Procedure Act challenges to Executive Branch orders this way. There is no substantial change to the ITTR that would require me to replead. The CDC order still requires all passengers flying to the United States (but not those crossing by land or sea) to present a negative COVID-19 test before departing. Whether the test must be within one or three days of departure is not material. CDC need not produce a new administrative record. I have not yet sought summary judgment on my arbitrary-and-capricious count (21).

3

TSA's arguments before the D.C. Circuit on the FTMM contradict the position taken by CDC here. In opposing petitioners' motion to transfer back to the 11th Circuit, the government asserts "Here, the challenged orders are not just interrelated, they are substantively identical…" *Wall v. TSA* (No. 21-1220). The government can't have it both ways, arguing in the TSA cases that the FTMM versions are the same order in an attempt to ensure the petitions are consolidated, but then telling this Court that the virtually identical ITTR orders are vastly different.

CDC here relies on *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1332-33 (11th Cir. 2005), but that case held "amendments or revocation of challenged **legislation** renders the lawsuit moot." (emphasis added). The ITTR is not legislation enacted by Congress, it's an *ultra vires* order issued by CDC. Changing the date by which a flyer must obtain a negative virus test by two days in no ways moots my challenge to the order. Contrary to CDC's argument, the amended order is not materially different than the version challenged in the Complaint. Indeed, CDC itself admits the new version is "a further amended order," not a different one. Doc. 181 at 1. Indeed, a read of the versions shows that are nearly identical.

To side with CDC that a whole new complaint would be needed to challenge an immaterial change to the ITTR would not only delay justice for my claim but go against this Court's oft-stated desire for "economy of time and effort for itself, for counsel, and for litigants." Doc. 168 at 3.

4

## C. If forced to replead, my arguments would be the same.

Being forced to replead the ITTR would achieve nothing but burden the Court with a cycle of repetitious motions and responses, exactly the opposite of its goals. If ordered to replead, my arguments against the ITTR wouldn't change: CDC failed to observe the notice-and-comment procedure required by law before ordering the ITTR and good cause doesn't excuse it (Count 19); the ITTR is arbitrary and capricious (Count 21); the ITTR exceeds CDC's statutory authority under the Public Health Service Act (Count 22); and the ITTR, if found to be within CDC's statutory authority, is an improper delegation of legislative power (Count 23).

CDC's argument for why the new ITTR version is "materially different" is that "The amended order (unlike the original order) draws distinctions between vaccinated and unvaccinated travelers…" Doc. 172 at 19. But the newest version erases that distinction. Vaccinated or not, all flyers must get a COVID-19 test one day before departure. Furthermore, CDC's claim that it put a "good cause" exemption in the newest ITTR doesn't render my challenge moot. This exemption claim is subject to judicial review and "Precedent demonstrates how infrequently the exception should receive acceptance." *State of Florida v. Becerra,* No. 8:21-cv-839 (M.D. Fla. June 18, 2021).

WHEREFORE, I request this Court issue an order granting me summary judgment on Counts 19, 22, and 23 of the Complaint and vacate the ITTR.

5

Respectfully submitted this 7th day of December 2021.

*Lucas Wall*
Lucas Wall, plaintiff
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com