# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL,** : | |
| : | |
| Plaintiff, : | Case No. 6:21-cv-975-PGB-DCI |
| : | |
| v. : | District Judge Paul Byron |
| : | |
| **CENTERS FOR DISEASE** : | Magistrate Judge Daniel Irick |
| **CONTROL & PREVENTION *et al.*,** : | |
| : | |
| Defendants. : | |

## PLAINTIFF'S NOTICE WITHDRAWING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DOC. 190)

COMES NOW plaintiff, *pro se*, and asks the Court and other parties to please TAKE NOTICE that I withdraw my Motion for Leave to File Second Amended Complaint, filed Dec. 27, 2021. Doc. 190. Pursuant to F.R.Civ.P. 15(a)(3) and the Court's Order of Jan. 5 (Doc. 198), all defendants' responses to the Amended Complaint (Doc. 188) should now automatically be due in 14 days: Tuesday, Feb. 22, 2022.

I withdraw the Motion for Leave to File Second Amended Complaint because the Court refuses to rule on it. As noted, the motion was filed Dec. 27. It was fully briefed as of Jan. 10[1] – more than four weeks ago. The Court continues its deeply disturbing pattern of snubbing pending motions that I have filed in this case and

---

[1] The Court has also failed to decide my Motion for Leave to File Combined Reply Brief, submitted Jan. 12, despite no defendant opposing it Doc. 207.

1

the related matter of *Wall v. Southwest Airlines*, No. 6:21-cv-1008 (M.D. Fla.) The Court has shown improper favoritism toward the defendants by promptly ruling on their motions – *see*, e.g. Joint Motion to Toll Deadline to Respond to Amended Complaint (Doc. 197), decided within one day – while placing my urgent motions in the trash can and failing to render a determination one way or another. Yet I am the one with a family emergency that urgently needs to travel to Germany to be with my brother during an extremely difficult time for him, not the defendants. The Court is acting as another adversary in these cases that I must fight against in addition to the actual defendants. It can only be surmised the Court has a clear bias in favor of the defendants, and there is little hope I will ever obtain justice in these matters.

The Court refused to rule on my Motion for Summary Judgment against the Federal Defendants when it should have, prolonging this case by numerous months despite my pressing need to travel dating back eight months to early June 2021, stranding me in a foreign state far from home. It has then declined to issue any decision on my Motion for Preliminary Injunction (Doc. 191). The Court has failed to issue a ruling on that time-sensitive motion even after I informed it Jan. 23 of my especially urgent need to travel due to a family emergency. Doc. 215.

As a result of the Court's inaction throughout this litigation, I have forever lost the time I was going to spend with my brother and sister-in-law last year before they decided last month to separate. That is the most pure definition of irreparable

harm. Nothing the Court or the defendants could do can restore to our lives that time and the experiences the three would have had.

Likewise the Court has stalled the pleading in this case entirely by ruling without authority Dec. 18, 2021, that I could not replead amended charges against the Local Defendants to better align with my improved knowledge of the law since this case was filed June 7, 2021. The Court is ignoring its legal duty to treat a *pro se* litigant's pleadings liberally compared to those written and filed by experienced attorneys.

Because of the Court's blockade of my ability to replead the corrected causes of action against the Local Defendants, I was forced to file an Amended Complaint on Dec. 26 (Doc. 188) that complied with the Court's Dec. 18 Order and then immediately move for leave to file a Second Amended Complaint on Dec. 27 (Doc. 190). With no decision, this has now resulted in an incredible waste of time (more than six weeks) for a case that has been exigent since the day it was filed eight months ago.

Therefore, the Court leaves me with no choice but to withdraw the Motion for Leave to File Second Amended Complaint so the defendants will have to answer by Feb. 22. I reserve the right to seek leave in the future to refile the amended charges against the Central Florida Regional Transportation Authority and Greater Orlando Aviation Authority. But for now it's critical that we move to the second (unnecessary – all issues were thoroughly and extensively briefed during the first

round last year) round of summary-judgment briefing in the counts against Defendants Centers for Disease Control & Prevention and Department of Health & Human Services regarding the *ultra vires* Federal Transportation Mask Mandate and International Traveler Testing Requirement – policies that have caused enormous suffering to tens of millions of families of disabled Americans such as mine since they were put into place without any legal authority in January 2021.

This Court has constantly made a point of declaring my need to travel to visit family abroad not an "emergency" or "time-sensitive." But it is. It's our decision what constitutes a family emergency, not the Court's. The Court has acted wholly inappropriately during this litigation in denying me the ability to seek urgent relief when at least seven other illicit Executive Branch COVID-19 mandates have been enjoined or stayed in numerous federal courts across the land. Notably, as far as I am aware, the FTMM and ITTR are the only major Biden Administration pandemic mandates being litigated before a U.S. District Court or Court of Appeals that have never been enjoined. That speaks volumes.

The Court might as well not exist as far as I'm concerned given how I have been mistreated. The only recourse I have under the Constitution for seeking a redress grievances of Executive Branch actions, filing a lawsuit, has utterly failed my family. The Court has been so hostile to me personally it issued a Sanctions Order for nothing but me requesting a ruling on my Time-Sensitive Motion for Preliminary

Injunction by a date certain – a request that's actually required by the Local Rules.[2] Doc. 211. I filed numerous objections to that order, noting a court would never, ever take such an action against an attorney advocating for his/her client's interests. Doc. 214. But apparently it's okay to do so against a *pro se* litigant when the Court itself imposes a mask mandate under questionable authority.[3]

I currently abandon my additional claims against the Local Defendants solely because of the Court's inaction on my Motion for Leave to File Second Amended Complaint. The claims are meritorious and should be heard. But it's crystal clear the Court will do everything in its power to assure that never happens.

Submitted this 8th day of February 2022.

*Lucas Wall*
Lucas Wall, plaintiff
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com

---

[2] "If a party moves for emergency or time-sensitive relief, the title of the motion must include 'emergency' or 'time-sensitive,' and the motion must include an introductory paragraph that explains the nature of the exigency and **states the day by which a ruling is requested**." Local Rule 3.01(e) (emphasis added).

[3] Nearly every mask used in the United States to comply with COVID-19 dictates are not medical devices authorized by the Food & Drug Administration or are approved only under an Emergency Use Authorization. Federal law – which this Court is constitutionally charged to enforce, not break – requires that any person offered the use of an EUA product must have the right to refuse to use the device. 21 USC § 360bbb-3(e)(1)(A)(ii)(III). *See also* Doc. 188 at ¶¶ 229-254.

It's highly questionable whether this Court can be an impartial judge of my claims against the Federal Transportation Mask Mandate when it too unlawfully requires the wearing of FDA unapproved or EUA face masks. *In Re: Restrictions on Courthouse Access Due to COVID-19*, No. 3:20-mc-23-J-32 (M.D. Fla. July 30, 2021).