# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL,** : | |
| : | |
| Plaintiff, : | Case No. 6:21-cv-975-PGB-DCI |
| : | |
| v. : | District Judge Paul Byron |
| : | |
| **CENTERS FOR DISEASE** : | Magistrate Judge Daniel Irick |
| **CONTROL & PREVENTION *et al.*,** : | |
| : | |
| Defendants. : | |

## PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME FOR FEDERAL DEFENDANTS TO RESPOND TO AMENDED COMPLAINT

COMES NOW plaintiff, *pro se*, and moves for an order extending the time for the Federal Defendants to respond to the Amended Complaint (Doc. 188) until 14 days after the Court rules on the parties' forthcoming motions for summary judgment.

Per the Court's Order of Dec. 18, 2021, (Doc. 187), I filed an Amended Complaint on Dec. 26. Doc. 188. Because of restrictions stated in the Order of Dec. 18, I filed a Motion for Leave to File Second Amended Complaint on Dec. 27 to add new causes of action against the Local Defendants. Doc. 190.

The Court did not rule on that motion in a timely manner, therefore I was forced Feb. 8 to file a Notice Withdrawing Motion for Leave to File Second Amended Complaint. Doc. 221. This triggered a 14-day deadline for all defendants to respond

1

to the Amended Complaint by Feb. 22. However, given that this case involves no genuine dispute over any material facts and purely questions of law, both counsel for the Federal Defendants and I agree this case will almost surely be decided on summary judgment, not by trial.

During a Feb. 8 conversation with Stephen Pezzi, counsel for the Federal Defendants, regarding my withdrawal of the Motion for Leave to File Second Amended Complaint, I told Mr. Pezzi I will soon be moving for summary judgment against Defendants Centers for Disease Control & Prevention and the Department of Health & Human Services. Mr. Pezzi expressed concern that he felt obligated to file an Answer due to this footnote in the Court's Dec. 18 Order:

> "The Report notes that Plaintiff moved for summary judgment before the Federal Defendants responded to the Complaint and that the Federal Defendants moved for summary judgment as they responded to the Complaint, and it observes that "[t]he result is much spilled ink on judgment prior to the pleadings being set." (Doc. 155, p. 20 n.12). The Court agrees and advises the parties against a repetition of this odd procedural posture on repleader." Doc. 187 at 15, FN 5.

However, Mr. Pezzi did not dispute my contention that an Answer is not necessary in this case given the parties' lack of genuine dispute over any material facts and that considering this is an Administrative Procedure Act case based on an administrative record, discovery and trial are highly unlikely. He did not disagree with my contention that preparing an Answer to the Amended Complaint would likely be a waste of time and resources given the lack of factual disputes and the length of the Complaint, which I'm told is longer than the typical federal pleading. Mr. Pezzi agreed to discuss with his colleagues and clients my proposal to defer the

2

requirement for the Federal Defendants to respond to the Complaint until after summary-judgment motions are decided (should the Court grant summary judgment on all counts against the Federal Defendants to either party, then there would be no need for them to answer the Complaint at all).

Mr. Pezzi informed me in an e-mail yesterday morning:

> "Thanks for the call the other day. After further discussions within the government, I can confirm that our plan remains unchanged. As set forth in the email below, we intend to respond to the complaint on or before February 22. If you file a summary-judgment motion before that, we will likely seek some form of relief to keep the procedural posture of the case orderly, and consistent with the stated preferences of the Court. *See* Dec. 18, 2021, Order Adopting Report & Recommendation in Part, ECF No. 187, at 15 n.5."

Were it not for this footnote in the Court's Dec. 18 Order, it appears the Federal Defendants would not object to me waiving their answer to the Amended Complaint and immediately proceeding to summary-judgment motions. Therefore, I make this motion, a draft of which was shared with Mr. Pezzi and the Local Defendants' counsel yesterday afternoon. Mr. Pezzi responded that his clients take no position. It appears the Federal Defendants do not want to make this motion themselves for fear of alienating the Court given the footnote regarding procedure referenced above. But it's telling that they have chosen not to oppose me making this motion, indicating (at least to me) that should the Court grant this motion, they would not be displeased with being relieved of the obligation to file an Answer.

Although it might be unusual for a plaintiff to ask the Court to extend a defendant's deadline, it makes sense in this case, where the issues have already been

3

through one round of extensive summary-judgment briefings and the identical issues will now be argued again. Both sides have expressed a desire to resolve this case as expeditiously as possible, and it's certainly no secret to the Court I want a judgment immediately since I have been deprived of the right to travel for the past eight months due to the Federal Transportation Mask Mandate and the International Traveler Testing Requirement challenged in this lawsuit.

Not only as a plaintiff but also as a taxpayer, I do not want the Department of Justice forced to expend unnecessary resources preparing an Answer to my Amended Complaint that will almost surely do nothing to advance this litigation toward conclusion. I would much rather the DOJ attorneys representing CDC and HHS focus their time on opposing my upcoming motion for summary judgment and preparing their cross-motion.

I respectfully note my disagreement with the Court's statement that it's an "odd procedural posture" for a plaintiff to move for summary judgment in an APA case prior to the government answering. Although I am certainly not anywhere near as versed in the law as the Court, I have read numerous APA cases during my research prosecuting this lawsuit. In many, if not most of them, a plaintiff filed for summary judgment before the government submitted its Answer or a motion to dismiss under Fed.R.Civ.P. 12. In fact, many COVID-19 pandemic cases challenging Executive Branch mitigation orders not authorized by Congress have proceeded this way, including several of the lawsuits that eventually led to the Supreme Court vacating CDC's Eviction Moratorium.

Furthermore, there is nothing in the Federal Rules of Civil Procedure that prohibit a plaintiff from moving for summary judgment before a defendant has answered. "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery." Fed.R.Civ.P. 56(b) (emphasis added). The Local Rules contain no restriction on the timing for filing a motion for summary judgment. And although the Court mentioned in the footnote of its Dec. 18 Order that it "advises the parties" not to repeat submitting SJ motions prior to completion of the regular pleadings, this suggestion is not an "orders otherwise" that modifies Rule 56(b).

Requiring the Federal Defendants to answer the Amended Complaint by Feb. 22 and tolling summary-judgment proceedings would accomplish nothing but adding yet another delay to this case, which is not in the interest of justice.

WHEREFORE, I request this Court issue an order granting the following relief:

The deadline for the Federal Defendants to respond to the Amended Complaint (Doc. 188) is hereby tolled pending the Court's resolution of both parties' forthcoming motions for summary judgment. Should the case not be resolved on summary judgment, the Federal Defendants shall respond to the Amended Complaint within 14 days of an Order denying such motions.

**Local Rule 3.01(g) Certification**

I certify that on Feb. 8 and 10, I conferred with Stephen Pezzi, counsel for the Federal Defendants. Mr. Pezzi said the Federal Defendants take no position on this motion.

I certify that on Feb. 10, I conferred with David Wood, counsel for Defendant Central Florida Regional Transportation Authority (d/b/a LYNX). Mr. Wood said LYNX takes no position on this motion.

I certify that on Feb. 10-11, I conferred with Sally Culley, counsel for Defendant Greater Orlando Aviation Authority. Ms. Culley said GOAA takes no position on this motion.

Respectfully submitted this 11th day of February 2022.

*Lucas Wall*

Lucas Wall, plaintiff
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com