UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LUCAS WALL,**

      **Plaintiff,**

v.                                              Case No: 6:21-cv-975-PGB-DCI

**CENTERS FOR DISEASE CONTROL
& PREVENTION, DEPARTMENT OF
HEALTH & HUMAN SERVICES,
GREATER ORLANDO AVIATION
AUTHORITY and CENTRAL
FLORIDA REGIONAL
TRANSPORTATION AUTHORITY,**

      **Defendants.**

## ORDER

This cause comes before the undersigned on referral of the following matters filed by Plaintiff, who is proceeding *pro se*:

- Plaintiff's Unopposed Motion for Leave to Exceed Page Limits for Both Sides' Upcoming Summary Judgment Briefs (Doc. 224, the Motion to Exceed Page Limits);

- Notice Supplementing Consultation Certification on the Motion to Exceed Page Limits (Doc. 225, the Supplement); and

- Plaintiff's Unopposed Motion for Extension of Time for Federal Defendants to Respond to Amended Complaint (Doc. 226, the Motion to Extend Time).

In the Motion to Exceed Page Limits, Plaintiff asserts that:

Given the large number of counts presented in the Amended Complaint on two totally separate Executive Branch COVID-19 mandates and the Court's previously expressed desire for briefing to be consolidated on both the Federal Transportation Mask Mandate and International Traveler Testing Requirement, it would be appropriate for the Court to grant extra pages for both sides' briefs as follows: a maximum of 35 pages (10 extra) for each summary-judgment motion, 30 pages (10 extra) for each opposition, and 10 pages (three extra) for each reply.

Doc. 224 at 2.  In the Motion to Extend Time, Plaintiff seeks an extension of time for the Federal Defendants to respond to the Amended Complaint until "the Court's resolution of both parties' forth-coming motions for summary judgment."  Doc. 226 at 5.  Plaintiff gives no indication when he might file a motion for summary judgment, and no deadline has been set by the Court.  Both of Plaintiff's Motions are filed as unopposed.

      As to the Motion to Exceed Page Limits, the Court finds that it is due to be granted in part to the extent Plaintiff is requesting a ten-page extension for his summary judgment motion.  But to the extent Plaintiff requests an extension of the page limitation for the Federal Defendants' response or Plaintiff's reply, the Motion is denied.  The Federal Defendants are fully capable of seeking an extension of the page limitation for their response—if they actually require one—and articulating the cause for such an extension.  And without a response filed, Plaintiff cannot justify an extension of his page limitation to reply to that response.

      Similarly, Plaintiffs' request to extend the time for the Federal Defendants to respond to the Amended Complaint is due to be denied.  If the Federal Defendants desire an extension, and can justify an extension, they may seek that relief.  But Plaintiff's desire to move the case more quickly by foregoing the Federal Defendants' obligation to respond to the Complaint is not good cause for such an extension.  And though Plaintiff consistently blames the Court for what he perceives as the slow progress of this case, it is his steadfast refusal to comply with the rules of this Court, his insistence on clogging the docket with unnecessary filings, and his attempts to dictate the procedural rules of the courts of the United States that have needlessly multiplied these proceedings.  *See, e.g.*, Docs. 211 (January 18, 2022, Sanctions Order by district judge); 74 at 2 (*Wall v. CDC et al.*, No. 21-12179-D (11th Cir. June 30, 2021) ("In particular, we note that Wall's refusal to refile his preliminary injunction motion in the district court in compliance with the

court's local rules, as noted in the magistrate judge's order, is an insufficient basis for us to exercise our appellate jurisdiction in this case.")).

Accordingly, it is **ORDERED** that:

1. The Motion to Exceed Page Limits (Doc. 224) is **GRANTED in part** to the extent that Plaintiff may file a single motion for summary judgment in this case of no more than 35 pages and is **DENIED** without prejudice in all other respects; and

2. The Motion to Extend Time (Doc. 226) is **DENIED**.

**ORDERED** in Orlando, Florida on February 15, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties