UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LUCAS WALL,<br><br>              Plaintiff,<br><br>v.<br><br>CENTERS FOR DISEASE<br>CONTROL AND PREVENTION,<br>*et al.*,<br><br>              Defendants. | Case No. 6:21-cv-975-PGB-DCI |

**FEDERAL DEFENDANTS' MOTION TO
STAY SUMMARY JUDGMENT BRIEFING**

Although the Federal Defendants' answer to the Amended Complaint has not yet come due, Plaintiff has nevertheless filed a motion for summary judgment, ECF No. 230, raising many of the same issues presented by his fully briefed motion for a preliminary injunction, ECF No. 191. To ensure that this case proceeds in an orderly manner, with a minimum of duplicated effort, the Federal Defendants (the Centers for Disease Control and Prevention (CDC) and the Department of Health and Human Services (HHS)) respectfully move the Court to stay briefing on Plaintiff's motion for summary judgment until (1) Defendants file their response to the Amended Complaint, which is currently due on February 22, 2022; and (2) the Court has ruled on Plaintiff's motion for a preliminary injunction. In light of the Federal Defendants' March 10, 2022, deadline to respond to Plaintiff's summary judgment motion, *see*

1

M.D. Fla. L.R. 3.01(c) (opposition to a summary judgment motion is due twenty-one days after service of motion)[1], they respectfully request that the Court rule on this motion at its earliest convenience.

This Court "has the inherent authority to manage and control its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1242, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 41 (1991)). That authority includes the "discretion [to] manag[e] the filings of summary judgment motions." *Bey v. American Honda Fin. Servs. Corp.*, No. 8:17-cv-759-T-33MAP, 2017 WL 11017804, at *1 (M.D. Fla. Apr. 27, 2017).

The Court should exercise that discretion here to stay briefing on Plaintiff's summary judgment motion, for two reasons. First, it would be inefficient for the parties to brief summary judgment "prior to the pleadings being set," and a stay of briefing would prevent the parties from "spilling ink" on summary judgment prematurely. Order Adopting Rep. & Rec., ECF No. 187, at 15 n.5 (quotation omitted). Second, a ruling on Plaintiff's motion for a preliminary injunction would provide helpful guidance about Plaintiff's claims to both parties. There is significant overlap between Plaintiff's motion for summary judgment and Plaintiff's motion for a

---

[1] Although Plaintiff's motion is stamped as being filed on February 16, 2022, it was not placed on the electronic docket until the morning of February 17, 2022, at which point Defendants received the electronic notice of the filing generated by CM/ECF. Under Local Rule 3.01(c), the time to respond to a motion does not begin tolling until "service" of a motion. Therefore, February 17 is the correct starting point for determining the due date of Defendants' response.

2

preliminary injunction. The Court's ruling would therefore assist the parties in providing a succinct and efficient presentation of the issues at summary judgment.

Any delay arising from this stay will not prejudice the Plaintiff. The Court can award Plaintiff whatever preliminary relief he is entitled to through an order on Plaintiff's motion for a preliminary injunction. There is no sound basis for expediting summary judgment while a preliminary injunction motion is pending.

Accordingly, the Court should grant the Federal Defendants' motion and stay briefing on Plaintiff's motion for summary judgment.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), on February 17 and February 18, 2022, counsel for the Federal Defendants conferred with Plaintiff and co-defendants Greater Orlando Aviation Authority (GOAA) and Central Florida Regional Transport Authority (CFRTA) by e-mail. Plaintiff reported that he opposes the relief requested in this motion. Co-defendants GOAA and CFRTA do not oppose the motion.

Dated: February 18, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ROGER B. HANDBERG
United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

By:   /s/ Andrew F. Freidah
MARCIA K. SOWLES
Senior Trial Counsel

STEPHEN M. PEZZI
ANDREW F. FREIDAH
JOHNNY H. WALKER
MICHAEL J. GERARDI
  Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: 202-305-0879
Email: andrew.f.freidah@usdoj.gov

*Counsel for the Federal Defendants*

## CERTIFICATE OF SERVICE

Although Plaintiff is proceeding *pro se*, he has been authorized by the Court to use the CM/ECF system.  ECF No. 14.  Accordingly, Plaintiff will receive service of this filing through the CM/ECF system.

*/s/Andrew F. Freidah*
ANDREW F. FREIDAH
Trial Attorney
United States Department of Justice
