# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LUCAS WALL,** | : |
| Plaintiff, | : Case No. 6:21-cv-975-PGB-DCI |
| v. | : District Judge Paul Byron |
| **CENTERS FOR DISEASE CONTROL & PREVENTION *et al.*,** | : Magistrate Judge Daniel Irick |
| Defendants. | : |

### PLAINTIFF'S MOTION TO STRIKE [232 & 233] LOCAL DEFENDANTS' MOTIONS TO DISMISS

COMES NOW plaintiff, *pro se*, and moves for an order striking the motions to dismiss filed Feb. 22 by the two Local Defendants in this case, the Central Florida Regional Transportation Authority (d/b/a "LYNX") (Doc. 232) and the Greater Orlando Aviation Authority ("GOAA") (Doc. 233). These two defendants' prior motions to dismiss were denied by the Court in December and they may not take a second bite at the apple. They are required to file an answer to the Amended Complaint, as the Federal Defendants did. Doc. 234.

GOAA submitted a nearly identical first motion to dismiss June 21, 2021. Doc. 49. As did LYNX on July 6. Doc. 82. The district judge denied those motions Dec. 18. Doc. 187.

> "Here, this Court has the power to exercise supplemental jurisdiction over Counts 17 and 18 under § 1367(a). These claims arise out of the same oper-

1

> ative nucleus of fact as the FTMM claims because they involve the same series of events: Plaintiff's inability to board his flight or ride the bus due to the enforcement of the FTMM by the TSA, the GOAA, and LYNX. Consequently, the resolution of these state law claims will involve the same or similar facts, witnesses, and evidence as the FTMM claims – indeed, Counts 17 and 18 *rely* on the legality of the FTMM, which will raise significant questions of preemption. Thus, the Court retains jurisdiction for now, with the caveat that it will remain continuously mindful of whether relinquishment of supplemental jurisdiction is appropriate at every stage of the litigation."
>
> *Id.* at 26-27 (emphasis original) (cleaned up).

The Court's Dec. 18 Order rejected the magistrate's recommendation that all counts against LYNX and GOAA be dismissed and concluded in no uncertain terms "Defendant GOAA's Motion to Dismiss (Doc. 49) is DENIED. Defendant LYNX's Motion to Dismiss (Doc. 82) is DENIED." *Id.* at 30. Notably the Court did not deny the motions to dismiss as moot due to its instruction that I must replead. The motions were denied, period. They may not be made again.

The Amended Complaint I filed Dec. 26 (Doc. 188) contains the exact same causes of action against the Local Defendants as the original Complaint (Doc. 1). Likewise the second motions to dismiss filed by LYNX and GOAA are copied almost verbatim from the first motions to dismiss that the Court denied in December. Under the "law of the case," the Local Defendants may not make the exact same motions that were previously been denied by the district judge.

Once they answer the Complaint, the Local Defendants will have the option to move for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) or for summary judgment under Rule 56. But they may not resubmit a motion to dismiss under Rule 12(b) that's already been denied.

WHEREFORE, I request this Court issue an order granting me the following relief:

The motions to dismiss filed by Defendants Central Florida Regional Transportation Authority and Greater Orlando Aviation Authority (Docs. 232 & 233) are STRICKEN. The Local Defendants shall answer the Amended Complaint within seven days of the date of this Order.

**Local Rule 3.01(g) Certification**
I hereby certify that on Feb. 22, I conferred with Stephen Pezzi, counsel for the Federal Defendants. Mr. Pezzi said the Federal Defendants take no position on this motion.

I hereby certify that on Feb 23, I conferred with David Wood, counsel for Defendant Central Florida Regional Transportation Authority (d/b/a LYNX). Mr. Wood said LYNX opposes this motion.

I hereby certify that on Feb. 22, I conferred with Sally Culley, counsel for Defendant Greater Orlando Aviation Authority. Ms. Culley said GOAA opposes this motion.

Respectfully submitted this 1st day of March 2022.

*Lucas Wall*
Lucas Wall, plaintiff
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com