# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LUCAS WALL,**

        **Plaintiff,**

v.   Case No: 6:21-cv-975-PGB-DCI

**CENTERS FOR DISEASE CONTROL & PREVENTION, DEPARTMENT OF HEALTH & HUMAN SERVICES, GREATER ORLANDO AVIATION AUTHORITY and CENTRAL FLORIDA REGIONAL TRANSPORTATION AUTHORITY,**

        **Defendants.**

_____/

## ORDER

On March 1, 2022, United States Magistrate Judge Daniel C. Irick granted the Federal Defendants' Motion to Stay Summary Judgment Briefing,[1] ruling that the Federal Defendants' response to Plaintiff's Motion for Summary Judgment is due 21 days after the Court enters a final order resolving the pending Motion for a Preliminary Injunction. (Doc. 248). Magistrate Judge Irick also stated that, although Plaintiff opposed the Federal Defendants' Motion to Stay Summary Judgment Briefing, "the Court does not require a response from Plaintiff . . . to rule

---

[1] The Court refers to Defendants the Centers for Disease Control and Prevention and the Department of Health and Human Services collectively as the "Federal Defendants."

and manage the progression of this case." (*Id.*). The next day, Plaintiff filed the instant Motion to the United States District Judge to Vacate a Portion of Magistrate Judge Irick's Order Staying Briefing on Plaintiff's Motion for Summary Judgment (Doc. 252), which the Court construes as an Objection under Federal Rule of Civil Procedure 72(a).

Rule 72(a) authorizes a district court reviewing a litigant's objection to a magistrate judge's non-dispositive order to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *see also Howard v. Hartford Life & Accident Ins. Co.*, 769 F. Supp. 2d 1366, 1372 (M.D. Fla. 2011). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotations omitted).

In his Objection, Plaintiff argues that he had until March 4, 2022, to file a response in opposition to the Federal Defendants' Motion to Stay Summary Judgment Briefing and that Magistrate Judge Irick erred in ruling on that request three days prior to Plaintiff's deadline. (*Id.* at pp. 1–2). Plaintiff further contends that Magistrate Judge Irick failed to cite authority allowing him to rule on the Federal Defendants' request prior to Plaintiff's deadline to submit a response in

2

opposition or to stay briefing on Plaintiff's Motion for Summary Judgment. (*Id.* at p. 2). Plaintiff asserts that the stay violates Local Rule 3.01(c), which provides that "a party may respond to a motion . . . for summary judgment . . . within [21] days after service of the motion," and Federal Rule of Civil Procedure 1, which declares that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." (*Id.* at pp. 2–3). He repeatedly emphasizes that he is and has been "stuck in Florida" due to this litigation, and he insists that his Motion for Summary Judgment is not duplicative of his Motion for a Preliminary Injunction, stating: "The merits comprise only one of four prongs of the standard to obtain a preliminary injunction. The Court . . . could possibly deny a preliminary injunction without even ruling on the merits if it finds all or any of the other three factors are not in my favor." (*Id.* at pp. 3–9).

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Moreover, the district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Pursuant to this inherent authority, the Court can forgo the 14-day period established by Local Rule 3.01(c) for Plaintiff's response in opposition to the Federal Defendants' Motion to Stay Summary Judgment Briefing and stay the said briefing.

3

Moreover, Plaintiff's Objection concedes there is at least *some* overlap between the arguments presented in the Motion for a Preliminary Injunction and the Motion for Summary Judgment. (*Id.* at p. 7). Plaintiff may dispute the *degree* of overlap, but the *existence* of an overlap is incontrovertible. Again, the Court can forgo the 21-day period established by Local Rule 3.01(c) for the Federal Defendants' response to Plaintiff's Motion for Summary Judgment pursuant to its innate power to control its own docket. And while Plaintiff bemoans any delay in the disposition of his case, the Court has a strong interest in minimizing duplicative filings.

Finally, contrary to Plaintiff's position, the Court believes that the stay of the Federal Defendants' response brief to Plaintiff's Motion for Summary Judgment until the Court resolves Plaintiff's Motion for a Preliminary Injunction promotes judicial efficiency. Therefore, Magistrate Judge Irick's Order Staying Summary Judgment Briefing is not "clearly erroneous."

Accordingly, the Court **OVERRULES** Plaintiff's Objection (Doc. 252) and **AFFIRMS** Magistrate Judge Irick's Order Staying the Federal Defendants' Response to Plaintiff's Motion for Summary Judgment.

**DONE AND ORDERED** in Orlando, Florida on March 4, 2022.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties