FILED

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

2022 MAR 28 PM 2: 52

DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**LUCAS WALL,**

   Plaintiff,

v.

**CENTERS FOR DISEASE CONTROL & PREVENTION** *et al.*,

   Defendants.

Case No. 6:21-cv-975-PGB-DCI

District Judge Paul Byron

Magistrate Judge Daniel Irick

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY RE [230] MOTION FOR SUMMARY JUDGMENT

COMES NOW plaintiff, *pro se*, pursuant to Local Rule 3.01(i), and asks the Court to please TAKE NOTICE of supplemental authority supporting my Motion for Summary Judgment Against Defendants CDC & HHS on Counts 1-12 of the Amended Complaint. Doc. 230.

1. Citation: *Huisha-Huisha v. Mayorkas*, No. 21-5200 (D.C. Cir. March 4, 2022)

2. Specification by Page of the Issue or Argument in the Earlier Paper that the Authority Supplements: Doc. 230 at 11 (The Federal Defendants are not entitled to *Chevron* deference); *Id.* at 29-30 (The FTMM violates the Air Carrier Access Act).

3. "*Chevron* is of no help to the Executive. *See Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837 (1984). *Chevron* deference does not apply when an agency interprets a statute 'in a way that limits the work of a second statute' that a

1

different agency administers. *Epic Systems*, 138 S. Ct. at 1629. Here, the CDC administers [42 USC] § 265, but the Department of Homeland Security administers § 1158, as well as the two types of relief under § 1231 that we discuss later. See 8 C.F.R. § 100.1."

4. "On the other side of the scales is the Executive's questionable claim that COVID-19's spread is slowed in a meaningful way by the CDC's § 265 Order… But this is March 2022, not March 2020. The CDC's § 265 order looks in certain respects like a relic from an era with no vaccines, scarce testing, few therapeutics, and little certainty. … The evidence of the difference between then and now is considerable. … We cannot blindly defer to the CDC in these circumstances."

5. "[T]he Supreme Court affirmed the district court's preliminary injunction of an illegal executive order even though a wartime President said his order was 'necessary to avert a national catastrophe.' 343 U.S. 579, 582 (1952). More recently, the Supreme Court confirmed that 'our system does not permit agencies to act unlawfully even in pursuit of desirable ends.' *Alabama Association of Realtors v. HHS*, 141 S. Ct. 2485, 2490 (2021); *see also NFIB v. Department of Labor*, 142 S. Ct. 661, 666 (2022) (staying an illegal vaccine mandate even though the government said the mandate would save more than 6,500 lives)."

Respectfully submitted this 26th day of March 2022.

*[signature]*

Lucas Wall, plaintiff
3601 Cosmos Way
The Villages, FL 32163
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, I e-mailed this notice to defense counsel:

Stephen Pezzi
Stephen.Pezzi@usdoj.gov

David Wood
David.Wood@akerman.com

Sally Culley
sculley@rumberger.com

*[signature]*

Lucas Wall, plaintiff