**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LUCAS WALL,

Plaintiff,

v.

CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*,

Defendants.

Case No. 6:21-cv-975-PGB-DCI

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**


I. The Transportation Mask Order is authorized by the Public Health Service Act (PHSA). .......... 1

II. The Transportation Mask Order is not arbitrary and capricious. .......... 4

III. The CDC had good cause to issue the Transportation Mask Order without notice and comment. .......... 5

IV. The Transportation Mask Order does not violate the Constitution. .......... 5

V. Plaintiff's claims regarding the International Traveler Testing Order are also meritless. .......... 7

CONCLUSION .......... 7

## TABLE OF AUTHORITIES

### Cases

*Alabama Association of Realtors v. HHS*,
141 S. Ct. 2485 (2021) .......... 3

*Biden v. Missouri*,
142 S. Ct. 647 (2022) .......... 5

*FCC v. Prometheus Radio Project*,
141 S. Ct. 1150 (2021) .......... 4

*Florida v. HHS*,
19 F.4th 1271 (11th Cir. 2021) .......... 3, 4

*Gilmore v. Gonzales*,
435 F.3d 1125 (9th Cir. 2006) .......... 6

*Huffman v. Comm'r*,
978 F.2d 1139 (9th Cir. 1992) .......... 2

*Kelley v. United States*,
69 F.3d 1503 (10th Cir. 1995) .......... 6

*New York v. United States*,
505 U.S. 144 (1992) .......... 5-6

*Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*,
531 U.S. 159 (2001) .......... 4

*Tiger Lily, LLC v. HUD*,
5 F.4th 666 (6th Cir. 2021) .......... 3

*Tiger Lily, LLC v. HUD*,
992 F.3d 518 (6th Cir. 2021) .......... 3

*Wall v. Southwest Airlines*,
No. 21-cv-1008 (M.D. Fla. Dec. 8, 2021) .......... 5

### Statutes

42 U.S.C. § 264 .......... 1, 3

49 U.S.C. § 40103 .......................................................................................... 6

**Administrative and Executive Materials**

CDC, *Order Under Section 361 of the Public Health Service Act, Requirements for Persons To Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg 8025 (Feb. 3 2021) .................................................................3, 4, 5

CDC, *Requirements for Negative Pre-Departure Covid-19 Test Result or Documentation of Recovery From Covid-19 for All Airline or Other Aircraft Passengers Arrtiving Into the United States From Any Foreign Country*, 86 Fed. Reg 69,256 (Dec. 7, 2021) ................................................................ 3, 7

**Other Authorities**

Sanitary, *Merriam-Webster.com Dictionary*, https://perma.cc/ET57-55XX ........................................................................ 2

Sanitation, *Merriam-Webster.com Dictionary*, https://perma.cc/9ARR-YKYH ...................................................................... 2

Transp. Sec. Admin., *Staying Healthy When Traveling* (May 21, 2020), https://perma.cc/7AYK-C75G ....................................................................... 2

WHO, *Sanitation*, https://perma.cc/E4M4-HVDY ...................................................................... 2

As Federal Defendants explained in their Cross-Motion & Opposition (Defs.' Br.), ECF No. 263, Plaintiff Lucas Wall's claims are meritless—both on the science and the law. Plaintiff's Opposition and Reply (Pl.'s Opp'n), ECF No. 269, does not cast doubt on those conclusions. While Plaintiff advances several new arguments, he still offers no factual or legal basis for his claims, instead adhering to the unsupported position that "masking does not promote hygiene or disease prevention." *Id.* at 7.

## I. The Transportation Mask Order is authorized by the Public Health Service Act (PHSA).

In carrying out and enforcing Congress's authorization to adopt "such regulations as in [its] judgment are necessary to prevent the introduction, transmission, or spread of communicable diseases from foreign countries into the States or possessions [of the United States], or from one State or possession into any other State or possession," the CDC is authorized to "provide for such inspection, fumigation, disinfection, sanitation, pest extermination, destruction of animals or articles found to be so infected or contaminated as to be sources of dangerous infection to human beings, and other measures, as in [its] judgment may be necessary." 42 U.S.C. § 264(a). The temporary requirement to wear masks on public transportation is a conventional "sanitation" measure, and at an absolute minimum qualifies as an "other measure[]" akin to the examples enumerated in the statute, including "sanitation." *Id.*; *see* Defs.' Br. at 8-11.[1]

[1] Plaintiff appears to have abandoned his non-delegation claims (Counts 4 & 12), failing to address them in his Opposition & Reply.

**1.** Plaintiff argues that masking is not a "sanitation" measure because it does not involve the removal of sewage and trash, or the provision of clean drinking water. Pl.'s Opp'n at 7-10. But typically, "[w]ords of both technical and common usage are construed in the latter sense unless the statute plainly indicates otherwise." *Huffman v. Comm'r*, 978 F.2d 1139, 1145 (9th Cir. 1992). Section 264(a) is free of technical jargon and speaks in common, readily understandable terms about what powers CDC may exercise. In common usage, both now and at the time of § 264(a)'s enactment, the term "sanitation" covers far more ground than Plaintiff allows. *See* Defs.' Br. at 9-10, 9 n.4. For example, a traveler might use "[h]and sanitizer" while waiting for her flight to arrive and clean her tray table with "[s]anitizing wipes" before setting a drink upon it. Transp. Sec. Admin., *Staying Healthy When Traveling* (May 21, 2020), https://perma.cc/7AYK-C75G.[2]

**2.** Plaintiff offers no textual basis for his theorized distinction between "liberty interests" and "property interests" (Pl.'s Opp'n at 8)—words that appear nowhere in

[2] Plaintiff provides a contemporary definition from the 2022 version of Merriam-Webster—which merely offers parenthetical *examples* of "sanitation"—and he omits the primary definition of "sanitation" offered by his cited source: "the act or process of making sanitary," Sanitation, *Merriam-Webster.com Dictionary*, https://perma.cc/9ARR-YKYH, with "sanitary," in turn, meaning "of or relating to health," Sanitary, *Merriam-Webster.com Dictionary*, https://perma.cc/ET57-55XX. Meanwhile, while the 2022 Oxford Dictionary Plaintiff cites, Pl.'s Opp'n at 7-8, provides "the provision of clean drinking water and adequate sewage disposal" as examples, it plainly does not offer them as limitations on "sanitation." Plaintiff's attempt to draw on language from the website for CDC's Global Water, Sanitation, & Hygiene Program, *id.* at 8-9, fares no better—CDC's characterization of "basic sanitation" in the specific context of a wastewater program in 2021 says nothing about Congress's intended meaning of the word in 1944 in the broader context of overall disease control and prevention. Finally, the WHO webpage Plaintiff cites, *id.* at 9, does not even offer a definition of "sanitation." *See* WHO, *Sanitation*, https://perma.cc/E4M4-HVDY.

the statute.[3] Likewise, it is immaterial that 42 U.S.C. § 264(d) places certain limitations on the agency's authority to apprehend, examine, or detain persons "reasonably believed to be infected." Pl.'s Opp'n at 9 (quoting 42 U.S.C. § 264(d)). That is not surprising, as such measures are far more intrusive than, for example, requiring masks (or proof of a negative COVID-19 test). But the orders challenged here do not provide for the apprehension or examination or detention of anyone, so those limitations are irrelevant to this case. Indeed, the challenged orders do not rely on § 264(d). *See* 86 Fed. Reg. 8025 (Feb. 3, 2021); 86 Fed. Reg. 69,256 (Dec. 7, 2021).

**3.** For the first time, Plaintiff now invokes the so-called "major questions doctrine." Pl.'s Opp'n at 12-13. Even if he had not forfeited the argument, the Eleventh Circuit recently rejected application of that doctrine where, as here, the statute "plainly encompasses the [agency's] actions," so Congress need not have provided "an indication that specific activities are permitted." *Florida v. HHS*, 19 F.4th 1271, 1288 (11th Cir. 2021). "To suggest otherwise would mean that Congress had to

---

[3] On this point, Plaintiff cites an order from a Sixth Circuit motions panel denying a stay pending appeal in a case concerning the CDC's eviction moratorium. *Tiger Lily, LLC v. HUD*, 992 F.3d 518 (6th Cir. 2021). But the Sixth Circuit's subsequent merits ruling in *Tiger Lily* did not rely on any such distinction between "property interests" and "liberty interests," *see* 5 F.4th 666 (6th Cir. 2021), and, importantly, neither did the Supreme Court's opinion in *Alabama Association of Realtors v. HHS*, 141 S. Ct. 2485 (2021). In any event, the purported distinction is mistaken. As the statutory text makes clear, it is subsection (a) that authorizes CDC to adopt "regulations . . . necessary to prevent the . . . spread of communicable diseases," regardless of whether they restrict either liberty or property, 42 U.S.C. § 264(a); although subsections (b)–(d) place conditions on that power in the quarantine context, those conditions apply only to "regulations prescribed under this section, *insofar as* they provide for the apprehension, detention, examination, or conditional release of individuals," *id.* § 264(c) (emphasis added), indicating that Congress contemplated that CDC might well prescribe other regulations that restrict liberty to which the conditions of subsections (b)–(d) would not apply.

have anticipated both the unprecedented COVID-19 pandemic and the unprecedented politicization of the disease to regulate . . . against it." *Id.*[4]

## II. <u>The Transportation Mask Order is not arbitrary and capricious</u>.

Here, where CDC provided a robust explanation, relying on peer-reviewed literature that supports the widespread scientific consensus in favor of the efficacy and safety of masks, it is clear that "the agency has acted within a zone of reasonableness." *FCC v. Prometheus Radio Project*, 141 S. Ct. 1150, 1158 (2021).

**1.** Plaintiff protests that CDC guidance no longer recommends that persons in most U.S. counties wear masks indoors in public, while the CDC still requires that masks be worn on public transportation conveyances. *See* Pl.'s Opp'n at 14. However, the agency explained that "[t]raveling on multi-person conveyances increases a person's risk of getting and spreading COVID-19 by bringing persons in close contact with others, often for prolonged periods, and exposing them to frequently touched surfaces." 86 Fed. Reg. at 8029.

**2.** Plaintiff argues that "CDC failed to consider lesser alternatives," including limiting the mask requirement to only certain types of public transportation. Pl.'s Opp'n at 16. But the CDC in fact concluded that "[a]ir travel" and "[t]ravel by bus, train, vessel, and other conveyances used for international, interstate, or intrastate

---

[4] Plaintiff's citation to *Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*, 531 U.S. 159 (2001), is inapposite. Federal regulation of public transit is pervasive, and Plaintiff makes no assertion that states have traditionally required masks or testing for communicable diseases, so there is plainly no "federal encroachment upon a traditional state power" here. *Id.* at 173.

transportation pose similar challenges." 86 Fed. Reg. at 8029.

### III. <u>The CDC had good cause to issue the Transportation Mask Order without notice and comment</u>.

Plaintiff does not contest that the CDC made a finding of good cause to issue the mask order without notice and comment. *See* Defs.' Br. at 18. Rather, he asserts that there was no good cause because the mask order was issued "10½ months" into the pandemic. Pl.'s Opp'n at 19. But that is contrary to *Biden v. Missouri*, 142 S. Ct. 647, 654 (2022), in which the Supreme Court rejected a virtually identical argument. *See* Defs.' Br. at 18. Plaintiff's attempt to distinguish *Biden v. Missouri* by asserting that the CDC's explanation here was merely "conclusory," Pl.'s Opp'n at 19-20, ignores the fact that CDC's finding of good cause was based on "[c]onsidering the public health emergency caused by COVID-19," 86 Fed. Reg. at 8030, which was extensively described in the order, *see id.* at 8028-29.[5]

### IV. <u>The Transportation Mask Order does not violate the Constitution</u>.

**1.** Plaintiff seems to concede (correctly) that the mask order "does not exceed Congress's authority under the Commerce Clause." Pl.'s Opp'n at 21. Thus, there can be no Tenth Amendment problem. *See New York v. United States*, 505 U.S. 144,

[5] In arguing that the harmless-error rule would not apply here, Pl.'s Opp'n at 20-21, Plaintiff appears to only identify recent commentary that is not contemporaneous with consideration of the mask order in early 2021, *see id.* In any event, given the COVID-19 pandemic and the "substantial scientific evidence showing that masks are very effective in blocking aerosolized particles containing the COVID-19 virus," Order at 9, *Wall v. Southwest Airlines*, No. 21-cv-1008, ECF No. 153 (M.D. Fla. Dec. 8, 2021), Plaintiff cannot demonstrate prejudice from any notice-and-comment error.

156 (1992) ("If a power is delegated to Congress in the Constitution, the Tenth Amendment expressly disclaims any reservation of that power to the States."). Plaintiff's argument that the mask order intrudes upon "domains of the states," Pl.'s Opp'n at 21-22, is both incorrect, *see supra* at 4 n.4, and irrelevant, *see Kelley v. United States*, 69 F.3d 1503, 1509 (10th Cir. 1995) ("[E]ven if plaintiffs are correct . . . that [the statute] intrudes upon a domain traditionally left to the states, it is constitutional as long as it falls within the commerce power.").[6]

**2.** Plaintiff does not deny that freedom to travel is "subject to reasonable government regulation" and that "[m]ere burdens on a person's ability to travel from state to state are not necessarily a violation of their right to travel." Defs.' Br. at 20. Rather, he asserts that he has been "[b]ann[ed] . . . from flying interstate and internationally" by the mask order. Pl.'s Opp'n at 23. But there is no ban. And if Plaintiff "medically can't wear a mask," *id.*, then the order does not apply to him.[7]

**3.** Regarding his Due Process claim, Plaintiff seems not to dispute that he has "no constitutionally protected liberty interest" at stake. Defs.' Br. at 19-20. Meanwhile, it is plainly possible to receive a mask exemption, *id.* at 20, and Plaintiff's

---

[6] Plaintiff appears to have abandoned his "commandeering" argument.

[7] To the extent that Plaintiff asserts he has a constitutional right to his preferred method of travel, Pl.'s Opp'n at 24, "the Constitution does not guarantee the right to travel by any particular form of transportation." *Gilmore v. Gonzales*, 435 F.3d 1125, 1136 (9th Cir. 2006); *see also* Order at 4, ECF No. 28 ("[F]lying may be Plaintiff's preferred method of transportation, but it is by no means the *only* reasonable mode of transportation available to him."). And while Plaintiff asserts "a right to use the public airspace" under 49 U.S.C. § 40103, Pl.'s' Opp'n at 24, as explained above, he is not banned from flying. *See also* Order at 6, ECF No. 255 ("Plaintiff can still fly in compliance with the FTMM, or he can apply for an exemption to the FTMM.").

claim to "numerous exemption denials," Pl.'s Opp'n at 23, does not prove that the mask-exemption process is "futile."[8]

## V. Plaintiff's claims regarding the International Traveler Testing Order are also meritless.

Plaintiff barely addresses his claims challenging the testing order, and indeed does not address his arbitrary-and-capricious or non-delegation claims at all. But to the extent he addresses the testing order, Plaintiff does not deny that a testing requirement is an "inspection." Rather, Plaintiff argues that § 264(a) requires "inspection" of "animals or articles," Pl.'s Opp'n at 25, a reading of the statute that is grammatically mistaken, *see* Defs.' Br. at 10. Plaintiff also appears to argue that CDC's good-cause statement was inadequate because the Delta and Omicron variants "spread rapidly" despite the testing order, Pl.'s Opp'n at 25, but this does not tell us anything about how much the virus would have spread absent the testing order, and, in any event, the CDC acknowledged that "pre-departure testing does not eliminate all risk," *see* Defs.' Br. at 23 n.16 (quoting 86 Fed. Reg. at 69,260).

## CONCLUSION

Federal Defendants' motion for summary judgment should be granted, and Plaintiff's motion for summary judgment should be denied.

[8] In very briefly addressing his ACAA claim (Count 8), Plaintiff concedes that "CDC is not an air carrier." Pl.'s Opp'n at 24. This is fatal to his claim, and, in any event, as Federal Defendants have previously explained, the CDC mask order plainly does not discriminate against disabled individuals. *See* Defs.' Br. at 21.

Dated: April 12, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ROGER B. HANDBERG
United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

By: */s/ Andrew F. Freidah*
MARCIA K. SOWLES
Senior Trial Counsel
STEPHEN M. PEZZI
ANDREW F. FREIDAH
JOHNNY H. WALKER
MICHAEL J. GERARDI
Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: 202-305-0879
Email: andrew.f.freidah@usdoj.gov

*Counsel for the Federal Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2022, I caused a true and correct copy of the as-filed version of this filing to be served on all counsel of record via the CM/ECF system. Although Plaintiff is proceeding *pro se*, he has been authorized by the Court to receive Notices of Electronic Filing from the CM/ECF system. ECF No. 14. Accordingly, Plaintiff will receive service of this filing through the CM/ECF system.

*/s/Andrew F. Freidah*
ANDREW F. FREIDAH
Trial Attorney
United States Department of Justice